MARGARET WILSON, Administratrix, &c., v. WILLIAM T. IVY.

STATUTE OF LIMITATIONS: FRAUD.—A right of action accrues to the purchaser of a slave against a third person, for false and fraudulent representations, made by the latter in relation to the title of the slave, from the date of such representations; and hence, the Statute of Limitations will commence running from that time, and not from the date of the judgment of eviction; but if there be any relation of confidence and trust existing between the purchaser and such third person at the time of the sale, by which it was the duty of the latter to disclose the true state of the title, then the statute would commence running from the date of the discovery of the fraud. See *Battley* v. *Faulkner*, 3 B. & A. 288; *Wilcox* v. *Plummer's Executors*, 4 Peters, 172; 4 Leigh, R. 474; *Buckner and Stanton* v. *Calcote*, 28 Miss. R. 432.

In error from the Circuit Court of Marshall county. Hon. P. T. Scruggs, judge.

*John W. C. Watson* and *H. W. Walter*, for plaintiff in error, Cited 4 Peters, 172; 4 Leigh, 474.

*Thomas W. Harris, contra.*

HANDY, J., delivered the opinion of the court.

The facts of this case are in substance, that in July, 1847, Ivy purchased a slave of one Avery, by the advice of Wilson; that in November, 1850, a judgment was recovered in Tennessee against Ivy for the slave, by a third person, who claimed title; that Wilson knew that the title of Avery was not good, when he advised the purchase; and that he fraudulently and deceitfully made the representations in regard to the title to the slave; and as a part of the transaction, that Ivy became bound to pay Wilson a debt which he had against Avery, and paid Avery the balance in cash, and afterwards paid the debt he had assumed to Wilson; that the slave was lost to Ivy, in consequence of the judgment in Tennessee.

The action was brought in January, 1853. The defendants below pleaded the general issue.

On the trial, the plaintiff below gave in evidence a transcript of the judgment in Tennessee, proved the payment to Wilson of the note given by Ivy, by way of assumption of the debt of Avery to him, and offered evidence, tending to show that Wilson was aware, at the time he advised Ivy to make the purchase, that Avery's title to the slave was invalid. The evidence also tended to show, that shortly after the purchase he was apprised that Wilson knew the title of Avery to be defective, and advised Ivy to remove the slave.

The verdict and judgment being for the plaintiff, the defendants bring the case here upon a bill of exceptions taken to the action of the court, in overruling a motion for a new trial.

The only question necessary to be considered, is that presented by the fourth instruction given at the instance of the plaintiff below, which is as follows:—

"If the jury believe, from the evidence, that no judgment was recovered against the plaintiff for the negro in controversy, until the 30th of November, 1850, and that Maxwell Wilson died in November, 1851, and that the defendants qualified as administrators upon his estate shortly after his death, and that this suit was instituted in January, 1853, then the Statute of Limitations does not apply."

The principle stated in this instruction is, that the Statute of Limitations commenced running in the case from the time of the

recovery of judgment against Ivy for the slave, by the person claiming title in Tennessee, and not from the time of his purchase from Avery, through the alleged deceit of Wilson.

The general rule is, that the statute commences running from the time of the commission of the fraud, and not from the time when the injury occasioned by it to the plaintiff was established. If there had been a warranty, the latter would have been the period from which the statute would have begun to run. But the deceit was as complete on the day on which the plaintiff made the purchase, in consequence of it, as it was when he lost the slave by the superior title of the party who recovered judgment in Tennessee; and the bar was complete after the lapse of three years from the date of the deceit. *Battley* v. *Faulkner*, 3 B. & A. 288; *Wilcox* v. *Plummer's Ex'ors*, 4 Peters, 172; 4 Leigh, 474.

It is sometimes held, that the statute commences running only from the time of the discovery of the fraud or deceit, and that that may be replied to the plea of the statute. But this exception can only apply in cases where such a relation of trust and confidence existed between the parties, as rendered it the duty of the defendant to disclose the true state of the case to the plaintiff. *Buckner and Stanton* v. *Calcote*, 28 Miss. R. 432. Here the evidence shows that the plaintiff was aware of the invalidity of the title of Avery within a day or two after his purchase, and that the defendants' intestate advised him to remove the slave out of reach, for that reason. It is clear, therefore, that the statute was a bar, whether it began to run from the date or from the plaintiff's discovery of the deceit.

The judgment is reversed, and the cause remanded for a new trial.