Mr. Justice Shepard
delivered the opinion of the Court:
1. The allegations of the bill make out a case of undue advantage taken of the complainant, and of gross fraud practiced upon him by one holding most confidential relations. Defendant had been his partner in other similar business, was his trusted friend and the husband of his daughter. He became surety upon the defendant’s bond, advanced the money from time to time to enable him to commence the work, and left everything, including all the payments and. receipts of money, to his exclusive management and control. Defendant kept the accounts and complainant relied *216 upon his doing- so fairly. When the work was completed, complainant accepted defendant’s statement of the expenditures and receipts, and received without question the amount thereby shown tó be due him. The relation between them was more like that of a trustee and cestui que trust than of copartners. Under such a statement of facts it is within the power and becomes the duty óf a court of equity, unless the complainant shall have lost his right to the remedy by his laches, to direct the whole account between the parties to be opened and taken de novo, 1 Story Eq. Jur., Sec. 523; Vernon v. Vawdry, 2 Atk., 119.
2. It remains to consider whether this right to reopen the account has been lost by reason of complainant’s long delay. The settlement was had about sixteen years before the filing of the bill. The parties are both living in the same place and competent to testify. The records of the -District of Columbia will ’show the payments made on account of the contract, and they, as well as the books of defendant, are presumably in existence.' There has been no change in the situation of the parties. No intervening claims or rights of other persons have accrued. There is no equitable consideration in the way of relief except the staleness of the demand — the. naked lapse of time. Without reasonable explanation, this lapse of time would be sufficient to bar relief, and hence it was incumbent upon complainant to allege with reasonable precision the necessary facts which may excuse his delay. Badger v. Badger, 2 Wall., 94; Felix v. Patrick, 145 U. S., 331.
The excuses for this delay, as presented by the bill, are substantially these: 1. The contract out of which the claim grew, and all transactions concerning it with the District government, were in defendant’s name. 2. Defendant managed and controlled everything, kept the accounts, and handled all the money. 3. Defendant was the son-in-law of complainant, who had implicit confidence in his integrity, accepted his statements as true, and was in possession of no information tending to excite reasonable suspicion and put him upon inquiry. Are these excuses sufficient? ■
*217 The latest expression of opinion by the Supreme Court with respect to the effect of laches is given by Mr. Justice Brewer as follows: “The length of time during which the party neglects the assertion of his rights which must pass in order to show laches, varies with the peculiar circumstances of each case, and is not, like the matter of limitations, subject to an arbitrary rule. It is an equitable defense, controlled by equitable considerations, and the lapse of time must be so great, and the relations of the defendant to the right such, that it would be inequitable to permit the plaintiff to now assert them. There must of course have been knowledge on the part of the plaintiff of the existence of the rights, for there can be no laches in failing to exert rights of which a party is wholly ignorant, and whose existence he had no reason to apprehend.” Halstead v. Grinnan, 152 U. S., 412.
Tested by the foregoing, we think the facts alleged in the bill sufficient to excuse complainant’s delay. Admitting in its full scope the soundness of the doctrine that mere ignorance of a right of action will not excuse delay, and that one must exercise proper diligence in -all cases, and be charged with the knowledge he would have acquired if he had exercised it, we can see no room for its application here. Some relations between persons dealing with each other excuse the want of the exercise of a care ordinary and proper in others. Some frauds do not require active or continuous efforts to keep them concealed; they conceal themselves. This case presents both phases. The trust relation between the parties, strengthened by close family ties, caused the complainant to accept as true that which, by careful investigation/he could have proved to be false. To charge him with the consequences of his confidence in the integrity of his son-in-law and partner, is virtually to say that it is want of proper care to give confidence under any circumstances; it is to say that complainant was bound to suspect falsehood, treachery and imposition on the part of the defendant. Such a doctrine would be at war with the better *218 impulses of human nature. We cannot subscribe to.it. In an analogous case, the Supreme Court of Missouri replies to a like suggestion in the following forcible words: “It is no excuse for, nor does it lie in the mouth of the defendant to aver that plaintiff might have discovered the wrong and prevented its accomplishment had he exercised watchfulness, because this is equivalent to saying, you trusted me, therefore I had the right to betray you,!'
The view we have taken is supported by the following well considered cases: Wickersham v. Lee, 83 Pa. St., 416; Watson v. Ivey, 32 Miss., 233; Bank v. Harris, 118 Mass., 147. In this last case, money was turned over by the bank to its president for the purpose of paying a certain debt, which he failed to do. The bank did not learn of this failure until after its right of action for the default had become barred. Undér the statute of Massachusetts it is provided that if the person liable to the action fraudulently conceals the cause thereof from the knowledge of the person entitled to bring the same, the action may be commenced at any time within six years after the person so entitled discovers that he has such cause of action. The court held that the relation of the parties was a good excuse for failure to make inquiry and discovery. The case has been cited with approval by the Supreme Court of the United States in a case before it arising under the same statute, Bates v. Preble, 151 U. S., 158, wherein the Massachusetts decisions are reviewed, and the distinction drawn between the cases where the transactions were between parties dealing, so to speak, as strangers to each other, and those where they occupied relations of trust, and where the frauds were of such nature as ordinarily to conceal themselves. We have heretofore applied the principle also in a case where fraud, practiced by an agent upon his unsuspecting principal, was held to suspend the running of the statute of limitations in an action at law. Lewis v. Denison, 2 App. D. C., 387.
It follows from what has been said that the facts alleged m the bill, on their face, present a sufficient excuse for the *219 delay in bringing the suit, and render it necessary for defendant to make answer thereto. Upon the hearing, however, complainant will be held to strict proof of his allegations, and if it should appear that he was at the time of, or shortly after the settlement, in such relation to the defendant, and possessed of the knowledge of such facts or circumstances as would be sufficient to put an ordinarily prudent person, under similar surroundings and circumstances, upon inquiry, he will be held guilty of laches from the time that inquiry, if made with reasonable diligence, would have led to discovery.

The decree appealed from must be reversed, with costs to the appellant, and the cause remanded with direction to overrule the demurrer ; and it is so ordered.