ALEXANDER J. HENDERSON *v.* LAFAYETTE WARD.

*Contract. Sale.*

The defendant received from the plaintiff certain teas, which he had ordered in consequence of the representations of the plaintiff's agent respecting them, but which proved not to be as good as represented or as the sample showed by the agent. Five or ten days afterwards

and after having sold several packages, but before he knew their real quality, which he might readily have ascertained by inspection, he gave his note to the plaintiff for the amount of the purchase. The defendant soon after discovered the inferior quality of the teas and informed the plaintiff thereof; but though he sold no more, he made no offer to rescind the contract by returning them. *Held*, that it was not the case of an implied warranty, or of a sale by sample; and that without proof of a warranty or fraud, the above facts would constitute no defense to a recovery of the full amount of the note.

ASSUMPSIT, counting upon a promissory note given by the defendant to the plaintiff. A referee to whom the cause was referred, reported that the plaintiff was a tea merchant in the city of New York, and the defendant a merchant at Saxtons River Village, keeping teas, among other things, for a retail trade in that vicinity.

On the 16th of August, 1852, an agent of the plaintiff called at defendant's store and wished to furnish defendant teas for his trade; the defendant exhibited to said agent the tea he was then selling and told its cost; said agent thereupon represented to the defendant that he could supply a better article at a less price, an article well adapted to defendant's trade, that his teas were extensively sold and used in the country and gave general satisfaction. A trade was closed and the plaintiff ordered the teas which the plaintiff forwarded, and in payment for which the note in question was given in from five to ten days after their receipt. During the time the defendant had the teas, before giving the note, he sold and distributed several packages of the tea but had not ascertained that it was not adapted to his trade. The tea was not of as good quality as defendant expected, nor as good as the tea shown the agent, at the defendant's store, nor as well adapted to his trade, and it would not sell among his customers at the prices marked, but the defendant might have sold it at one half the billed prices.

The referee further reported

" I do not find any express warranty as to quality proved, I do not find that the agent made knowingly any false representations, or that plaintiff knew the teas to be of an inferior quality to the representations made by his agent."

" I find that after the note was executed from four to six weeks, defendant laid the teas aside and wrote plaintiff that they would not answer his purpose, which was all the offer to rescind or restore the teas to plaintiff. At this time some eight packages had been sold and used ; the remainder is still at defendant's store."

"I find the quality of the tea might have been ascertained by inspection readily. I find the teas have really been worth nothing to defendant. I find that he might have made them worth half price in his business."

"If the real value to defendant of the tea is the proper rule to adopt, I find nothing due the plaintiff."

"If what it might have been worth to defendant is the proper rule and in law that difference is to be deducted, I find for plaintiff to recover at this date, $71.26, just one half the billed price.

"If in law nothing is to be deducted, I find for the plaintiff to recover at this date, $142.52."

The county court; April Term, 1854,—PECK, J., presiding,— rendered judgment on the report, *pro forma*, for the defendant, to which the plaintiff excepted.

*Stoughton & Baxter*, for the plaintiff, cited *Parkinson* v. *Lee*, 1 East. 477. *Barrett* v. *Hall*, 1 Aik. 269. *Reed* v. *Wood*, 9 Vt. 285. *Stevens* v. *Smith*, 21 Vt. 90. 2 Kent, 480, 1 & note. *Thornton* v. *Winn*, 12 Wheat. 183. *Walker* v. *Robinson & Co.* 2 Vt. 539.

—————————, for the defendant.

The opinion of the court was delivered by

BENNETT, J. We think the defendant must fail in his defense to the note. The referee fails to find any express warranty, or any fraud, and this is not a case of an implied warranty.

It was not a sale of tea by sample, and the note not given from four to ten days after the teas had been delivered, and the report finds that the quality of the tea might have been readily ascertained upon inspection, and that before the defendant gave his note he had sold and distributed several packages of it, though he had not, when he gave his note, then ascertained that the tea was not adapted to his trade. Though the defendant had laid the teas aside, and notified the plaintiff they would not answer his purpose; yet there was no attempt on his part to rescind the contract by returning the teas, and it is not perceived that he could have any such right. In the absence then, of an express or an implied warranty, and of all

fraud in the sale of the teas, we think the plaintiff must have judgment for the full amount of the note. There is no pretence of an entire failure of consideration. The most the defendant can claim, is only a partial failure of consideration, and if such had been the fact, the sum to be deducted from the note, would have been uncertain, and it has been frequently held in this state, that when the action is upon the note, and a claim for a deduction upon the ground of a partial failure of consideration rests in a claim which is uncertain in amount, and cannot be rendered certain, it is not a proper case for an apportionment.

If the defendant has a valid claim for uncertain damages he must resort to his cross action or to his declaration by way of set off. But as, in this case, there was no fraud, and no warranty, express or implied, we do not see any ground to found a legal claim upon.

The judgment of the county court is reversed, and judgment for the plaintiff for the full amount of the note.