JOHN GOSS, Appellant, *v.* HORATIO N. MATHER, Respondent.

Defendant made his promissory note payable to plaintiff, which was indorsed by the latter and by T. Judgment was obtained thereon by the holder, who assigned it to N. for the benefit of T. Certain real estate of plaintiff's was sold upon the execution issued on said judgment. N. purchased and took a certificate of sale for the benefit of T., but in his own name. Defendant, ignorant of the sale and deceived by T., paid the judgment in full to T., receiving a formal satisfaction of the judgment from N. Subsequently, plaintiff paid T. the amount of the bid on the sale, and received an assignment of the sheriff's certificate from N. After the discovery of the fraud practiced by T., plaintiff brought an action against him, therefor obtained judgment, and collected a portion thereof. He then brought this action to recover the residue of the money paid by him.—*Held*,

1st. The payment of the judgment to T., and satisfaction thereof, operated to cancel sale, and was, in fact, a redemption. Plaintiff was, therefore, under no legal obligation to redeem, and having paid the money to T. in ignorance of the facts, could recover it back, but had no claim against defendant, and,

2d. Even if this were not so, plaintiff had the election to affirm sale, claim it as payment of the judgment and sue defendant, or to claim the sale as canceled by the transaction between defendant and T., and sue the latter to recover back the money paid. But he could not pursue both, as they are inconsistent. Having elected to pursue the latter remedy, he is estopped from pursuing the former, although he failed to recover his whole judgment of T.

(Argued September 15th, 1871; decided November 11th, 1871.)

*S. S. Spring*, for appellant.

*D. H. Bolles*, for respondent.

CHURCH, Ch. J. reads opinion for affirmance.
All concur.
Judgment affirmed.