THE TOWN OF HARTLAND *v.* LORENZO HACKETT,
J. M. SUMNER, and F. A. SUMNER.*

*Delinquent Tax-Collector. Extent. Action on Bond. Two
Remedies for the same Wrong. Both Remedies cannot
be Prosecuted.*

1.  The two remedies afforded a town against a delinquent tax-collector are elective,
    and not concurrent; thus, the plaintiff procured a justice of the peace to issue
    an extent against the defendant collector, caused him to be imprisoned, and
    now holds his body on the extent; *Held*, that an action could not be sustained
    on the collector's bond; that a prosecution of one remedy was a bar to the
    other.
2.  And this is so, although the defendant is out on bail, and this action was com-
    menced before the extent proceedings. There was a waiver of the previous
    suit.
3.  It is presumed that the regular process of the law for the enforcement of a judg-
    ment is effectual to that end.
4.  The court say it is questionable, whether the plaintiff under the pleadings is able
    to contend that the imprisonment was not a satisfaction of the judgment, as the
    plea alleges that it was, and the point was raised by demurrer.

DEBT on a constable's bond. Pleas, general issue, special
pleas in bar. Heard on demurrer to defendant Hackett's
fourth special plea, May Term, 1882, Windsor County,
ROWELL, J., presiding. Demurrer sustained.

The defendants—the sureties—filed four special pleas,
and said Hackett four. The plaintiff joined issue on the
first three, and replied specially to the fourth plea of sure-
ties. There was a trial, December Term, 1882, on the
pleadings other than the demurrer, by the court, TAFT, J.,
presiding. Judgment for the plaintiff. It was conceded,
that Hackett was confined in jail over two years on the
extent, when he procured bail, and that he was out on bail
at the time of trial.

* Heard, General Term, 1883.

*French & Southgate* and *Gilbert A. Davis*, for the defendants.

It would seem to be well settled by the common law that the taking the body of a debtor on a *ca. sa.*, and his commitment to jail, operate as a satisfaction, in law, of the debt; and if the creditor consents to his discharge, the debt is discharged, as to the debtor and his sureties. *Horn* v. *Horn*, Amb. 79; 1 Term, 557; *Clark* v. *Clement*, 6 Ib. 525; 7 Ib. 420; 4 Burr. 2482; 2 East, 243; *U. S.* v. *Stansbury*, 1 Pet. 574; *Lathrop* v. *Briggs*, 8 Cow. 171; *Ransom* v. *Keyes*, 9 Ib. 128; 5 Johns. 364; *Sweet* v. *Palmer*, 16 Johns. 181; *Beaty* v. *Beaty*, 2 Johns. Ch. 430; 4 Conn. 440; 16 Mass. 63; Freem. Judg. 464; 2 Bouv. Inst., 3384; 1 Str. 653; 1 D. Chip. 151; 10 Vt. 466; 22 Ib. 628. *See* the reasoning of MARSHALL, Ch. J., in *U. S.* v. *Stansbury*, *supra*. By the ancient common law, if the debtor died when charged in execution, the creditor could not revive the judgment. But this was changed by 21 Jac. The discharge of one of several debtors from imprisonment by consent of the creditor, discharged all, and discharged collateral remedies. 6 Term, *supra; Rockwell* v. *Hanna*, 15 How. 189; *Sunderland* v. *Loder*, 5 Wend. 59; 9 Cow. 128,—jail bond case. The weight of authority is, that taking the body in execution, and the debtor's discharge by taking the poor debtor's oath, operate to extinguish prior judgment liens. Freem. Judg. 462; 12 How. 407; 11 Wend. 41; 13 Johns. 533; 15 How. p. 196.

*Norman Paul*, for the plaintiff.

This suit being prior in the order of time would not be abated by any subsequent proceedings for the same cause of action. *Morton* v. *Webb*, 7 Vt. 123; *Thomas* v. *Freelan*, 17 Vt. 138; *In re Hackett*, 53 Vt. 354; *People* v. *Stahl*, 101 Ill. 346. The liability of the sureties is not affected by the extent proceedings. *Tremont Bank* v. *Pain's Est.* 28 Vt. 24; *Storer* v. *Storer*, 6 Mass. 390; *Inhabitants of Greenfield* v. *Wilson*, 13 Gray, 384.

The imprisonment of the debtor is not a satisfaction of the debt, unless the creditor voluntarily discharges him. If he is discharged by operation of law, or in any other manner, it is no satisfaction. R. L. s. 1537; *Martin* v. *Kilbourn*, 11 Vt. 93; *Hyde* v. *Long*, 4 Vt. 531; *Farnsworth* v. *Tilton*, 1 D. Chip. 297; *Dewey* v. *Bradbury*, 2 Tyler, 201; *Foster* v. *Collamer*, 10 Vt. 466; *Willard* v. *Lull*, 20 Vt. 373; *Jaques* v. *Withey*, 1 Term, 557; *Clark* v. *Clement*, 6 Term, 525; *Tanner* v. *Hague*, 7 Term, 420; *Blackburn* v. *Stupart*, 2 East, 243; 4 Jac. Fish. Dig. 5205; 5 Ib. 7983; *White* v. *Smith*, 33 Penn. St. 186; *Bradford* v. *Keifer*, 68 Penn. St. 389; *Bonestead* v. *Garlinghouse*, 60 Barb. 338; 5 Wend. 363; *Green* v. *Burke*, 23 Wend. 363; *Sweet* v. *Palmer*, 16 Johns. 181; *Little* v. *Newburyport Bank*, 14 Mass. 443; 6 Reporter, 785.

The opinion of the court was delivered by

Royce, Ch. J. In the fourth plea of the defendant Hackett, it is alleged, in substance, that on the 3d day of August, 1880, the treasurer of the plaintiff town made his written complaint to T. B. Winn, a justice of the peace within and for the county of Windsor, setting forth that the tax bill of the town of Hartland for the year 1877 was duly delivered to the defendant Hackett as collector of said town; that said Hackett had failed to perform according to law the trust committed to him of collecting and paying over to said town the amount of said tax bill, and that there was a large amount of the same then due and unpaid to said town, with other proper allegations, and praying that an extent might be issued against the defendant for such arrearages, according to law; that upon this complaint, on due proceedings and hearing, the justice adjudged that there was due to the town from said Hackett the sum of $2,598.25, and thereupon issued an extent against him on the 14th day of August, 1880, for said sum, with interest and costs, upon which, on the same day, the body of the

said Hackett was committed, and is still in custody. The plea further alleges that the present suit is brought to recover "said amount so found and adjudged to be due from this defendant to said town by said justice of the peace, and for no other or greater sum." To this plea a general demurrer was filed, which the court below sustained, and the defendant excepted. The question is thus presented, whether the facts set forth in said plea constitute a bar to this suit.

It is admitted that the judgment of the justice, if *satisfied*, would be a bar to this suit; but the plaintiff contends that the imprisonment of the defendant Hackett by virtue of the extent is no satisfaction of the debt or judgment, and, consequently, no bar to a suit upon his official bond. Before reaching the consideration of this question, another is encountered, which seems to have escaped the attention of counsel upon both sides, notwithstanding their careful examination of the case, as shown by the learned briefs submitted.

Upon the accruing of the cause of action it was competent for the plaintiff to proceed either by complaint to a justice under the statute provision, as was done, or by suit upon the bond, which is here sought to be enforced. These remedies must be regarded as elective—not concurrent. The liability in the first case is a several one; and its terms, conditions, and extent are determined by the terms of the statute by which it is imposed; in the second case, the liability is joint, and dependent as to terms, conditions, and extent upon the language of the bond by a breach of the conditions of which it is fixed. It might be that the measure of the liability in the two cases would be materially different. As is said by Chancellor KENT in *Ins. Co.* v. *Lawrence*, 14 Johns. 55: "The principle of law is that if a man has an election to do or demand one of two things, and he determines his election, it shall be determined forever." And in that case, which was a bill in equity to set

aside a contract upon which the plaintiff had obtained a verdict and judgment, the learned chancellor said: "They have no right to try the experiment how much they could recover at law under the contract, before they elected to waive it, and then retaining their verdict and entering judgment at law, apply to the court to set aside the contract. This proceeding would be giving the plaintiffs a double advantage, and is unreasonable and inadmissible." Authorities are numerous to the point that when a person has two or more remedies for the same wrong, his election and actual prosecution of one is a bar to the others. *Sanger* v. *Wood*, 3 Johns. Ch. 416; *Goss* v. *Mather*, 46 N. Y. 689; *Degraw* v. *Elmore*, 50 Ib. 3; *Kimball* v. *Cunningham*, 4 Mass. 502; *Hooker* v. *Hubbard*, 97 Ib. 177; *Connihan* v. *Thompson*, 111 Ib. 272; and *Sloan* v. *Holcomb*, 29 Mich. 161, apply this principle to the case of fraudulent sale, where the party may affirm the sale and sue for damages, or rescind it and recover back the consideration, and hold that an election by suit is final. So where the vendor may retake or replevy the goods, or sue for the price. *Morris* v. *Rexford*, 18 N. Y. 552; *Bank* v. *Beale*, 34 Ib. 475; *Sherman* v. *McKeon*, 38 Ib. 275. It has been held that charging a debtor in execution after commission of bankrupt issued is an election to take the remedy at law which is conclusive; *ex parte Cator*, 3 Br. Ch. 216; and *ex parte Warder*, Ib. 191: and Lord Chancellor REDESDALE, in the case of *Bond* v. *Hopkins*, 1 Sch. & Lef. 413, says, on p. 441, that in the case of a bill waiving a forfeiture, and on that ground seeking relief in a court of equity, though plaintiff fail in obtaining that relief, he shall be restrained from insisting on the forfeiture at law.

In the case at bar the plaintiff has proceeded against the collector by complaint to a justice, has in that proceeding obtained a judgment fixing the amount due, has taken out an extent, which is much in the nature of an execution, and so far as the questions here involved are concerned,

may be treated as the same in legal effect, and on that extent holds the body of the defendant. It is unnecessary to consider whether his discharge by consent of the plaintiff would be a satisfaction of the debt and judgment, or whether his discharge by operation of law would not be such a satisfaction; because he has not been discharged in either manner. The situation is this: The plaintiff has obtained a judgment for the identical sum here sought to be recovered, and holds the body of the defendant in execution on that judgment. The judgment and the imprisonment have been held valid by this court in *in re Hackett*, 53 Vt. 354. The plaintiff is, therefore, still actively proceeding in the enforcement of the remedy chosen. We do not come to the point, in support of which authorities are cited, that having the body of a debtor once in execution is in law a satisfaction of the debt; that question would arise if the debtor were *out* of custody and the debt still in *fact* unsatisfied. But as is said by Ch. J. MARSHALL in *U. S.* v. *Stansbury,* 1 Pet. 574, the body, if not satisfaction in reality, " is held as the surest means of coercing satisfaction "; and " the law will not permit a man to proceed at the same time against the person and estate of his debtor." So whether the imprisonment of Hackett on the extent by the plaintiff be, or not, a satisfaction of the debt in law, it is at least the active means provided by the law for enforcing an *actual* as well as a legal satisfaction of it. The presumption, until the contrary appears, is that the regular process of the law for the enforcement of a judgment is effectual to that end, and in the existing state of affairs, as shown by the pleadings, it is difficult to see how we would be justified in assuming that this imprisonment, referred to by Ch. J. MARSHALL, as " the surest means of coercing satisfaction," will not in fact result in the actual satisfaction by *payment* of the judgment. Should such a result ensue, and the present case be allowed to go on to final judgment in favor of the plaintiff, it would not only be permitting the

plaintiff to proceed at the same time against the body and property of the defendant Hackett, but the plaintiff would have two judgments against the same defendant for the same cause of action.

A case directly in point was decided by this court in 1880, in Franklin County, but is not reported, having fallen to the late Ch. J. PIERPOINT,—the case of *Evarts* v. *The Town of St. Albans.* The plaintiff in that case had sued one Burgess, a constable, in an action of trespass for damages on account of an illegal sale of the plaintiff's property on execution. In this suit the plaintiff recovered judgment, and held the body of the defendant .in execution. The case is reported in 48 Vt. 205. While Burgess was still in custody, though admitted to the liberties, and the judgment otherwise wholly unsatisfied, his execution creditor brought this suit against the town, founded upon his official neglect or default, under sec. 30 of chap. 15 of the G. S.; and it was held that the suit could not be maintained. The decision was upon the ground that the plaintiff having *elected* to enforce his right in another way, namely, by action of trespass against the constable, his election was final, and a bar to any other suit founded upon the same cause of action; at all events, while he was still in the active enforcement of the judgment obtained in that suit, and holding the body of the defendant in execution thereunder. That authority is in one respect at least even stronger than is required in the case at bar, because a judgment in favor of Evarts against the town would not have involved a " proceeding at the same time against the person and estate " of Burgess.

The fact that the present suit was commenced before the complaint to the justice is not material. The election to pursue that complaint to final judgment and execution must be held to operate as a waiver of a suit previously commenced as well as of other remedies not in suit. In *Washburn* v. *Ins. Co.* 114 Mass. 175, where the holder of a

policy of insurance brought a bill to reform it by striking out a certain warranty, and afterwards brought suit on the policy alleging compliance with the warranty in which there was judgment against him, it was held that by prosecuting to judgment the action at law the plaintiff had conclusively elected to affirm the policy as it was, and could not thereafter seek to reform it.

It may be remarked that the pleadings in this case are in a somewhat anomalous condition. The fourth plea alleges that, "said town of Hartland has taken and imprisoned, and still holds, the body of this defendant, as aforesaid, *in full payment and satisfaction* of the sums aforesaid, and in full satisfaction of the amount sought to be recovered by said town in and by this suit." This is a direct allegation of fact; and by the demurrer the plaintiff must be regarded as admitting it to be true. It might be questionable, therefore, whether the plaintiff is in a situation to contend that the imprisonment of the defendant is not a satisfaction of the claim sought to be enforced in this suit; but as that point was not insisted upon in argument, we have not considered it in disposing of the case.

This view renders unnecessary any consideration of the other questions presented by the exceptions; and the result is, that the judgment of the County Court is reversed, and judgment that the defendants recover their costs.