HENRY S. WHITE ET AL.

v.

EUPHEMIA A. WHITE ET AL.

JANUARY TERM, 1896.

*Election of one inconsistent remedy bars resort to the other.*

1.  If a party, having inconsistent remedies, chooses one, he must stand by his election.

2.  Any decisive act, like the bringing of a suit, will amount to an election.

3.  The orator and intestate had certain unsettled differences in consequence of which the intestate had brought suit against the orator.    While this suit was pending the intestate made his will bequeathing the houses in question to the only daughter of the orator.    Thereupon their differences were settled as follows :   The orator released the intestate from all claims, and the intestate paid the orator three hundred dollars in money, discontinued his suit and agreed not to defeat the devise.    The releases, which were in writing, did not mention the devise.    The intestate, for the purpose of defeating the devise, immediately conveyed the houses to his wife.    After the death of the intestate, the orator presented his claims, which had been released, to the commissioners, insisting that the release had been obtained by fraud.    The commissioners disallowed his claim and he

took no appeal.  *Held*, that by so presenting his claim he had made an election to rescind the contract of settlement which barred his right to maintain this suit in equity for a specific performance of it, although he had not offered to refund the three hundred dollars.

4. That the daughter, who is a co-orator in this suit, was not a party to the proceedings before the commissioners does not alter the case.

Bill in equity.  Heard upon the report of a master at the September term, 1895, Chittenden county.  TAFT, chancellor, decreed for the orators.  The defendant appeals.

*Roberts & Roberts* for the orators.

*C. M. Wilds* and *E. R. Hard* for the defendant.

The orator's election to prosecute his suit before the commissioners is a bar to his right to maintain this suit for a specific performance.  *Hartland* v. *Hackett*, 57 Vt. 98.

ROWELL, J.   This is a bill for the specific performance of an agreement to devise certain houses, or rather, not to defeat a devise thereof already made.   The essential facts are these :  The orator, Henry S. White, and his father, Hiram S. White, were partners in business for many years. Dissolution of the firm was followed by serious disagreement between them concerning their partnership affairs, each claiming that the other was largely indebted to him on account thereof.   Finally, in September, 1892, Hiram sued his son in respect of them, demanding large damages, and the suit was duly entered in court.  On April 11, 1893, Hiram made his will, whereby he devised to the orator Pinkerton, his grand-daughter and Henry's only child, the houses in question.   Shortly before June 14, 1893, Hiram, being sick and about to die, desired to obtain a settlement of said suit, which was still pending, and of all claims and

controversies between him and his son; and to that end he employed Mr. Burnap, his counsel and legal adviser and the executor named in his will, to effect such settlement. Henry held a six-hundred-dollar note against his father, which, on its face, had long been outlawed, and he claimed a large balance besides. Hiram claimed that he never in fact owed the note, and that Henry was largely indebted to him, and this he believed to be true. After much negotiation, and on said last mentioned date, Burnap effected a settlement, which, stated most favorable for the orators, was this: Hiram paid to Henry three hundred dollars, allowed him to remove and have a certain building, and agreed not to alter his will in respect to said devise, nor otherwise to defeat the devise; in consideration of all which, Henry surrendered said note to be cancelled, and released and discharged his father from all other claims and demands that he had against him, and his father executed a like release to him, but neither release made mention of the devise, nor of the agreement concerning it.

Instantly upon the consummation of said settlement, Hiram determined to break the contract by defeating the devise, and accordingly, two days after, conveyed said houses, through another, to his wife, who paid no value thereof, and who alone is defending this suit. Hiram died on the twenty-ninth of said June, and his will was duly probated, and commissioners appointed on his estate, before whom Henry appeared with counsel and witnesses, and presented for allowance his entire account against his father growing out of said partnership business, and also said six-hundred-dollar note. The estate presented his release to his father in defence, and introduced no other testimony. Henry raised the question by testimony, such as he now introduces, and argued that said release was obtained by fraud, and in consideration that said devise should stand, and as that had been defeated, the release was void.

The commissioners disallowed his entire claim, and their report was accepted by the probate court and recorded, and he did not appeal.

The orators claim that they are not barred of relief by the proceedings before the commissioners and their decision, because they say the parties are not the same, as that was a proceeding in favor of Henry alone, in which Mrs. Pinkerton had no interest, whereas here she is the party in interest, and he is joined only for conformity, as her equity arises out of a contract made through him for her benefit; that the issues are not the same, and the ground of the commissioners' decision does not appear, whether it was that Henry's claims were not established by sufficient proof or were cut off by the release; if the former, that that was not a finding that the claims were not made in good faith, which is the only question that can be raised here; and if the latter, it is consistent with and sustains the present claim; that although it was argued before the commissioners that the release was obtained by fraud, it does not follow that they so found, but rather that the fraud was an afterthought that did not affect the settlement evidenced by the release, and was only a violation of the contract, for which the parties in interest had their remedy; as, the present remedy; and that Henry could recover before the commissioners only on the ground of a rescission of the contract, but that he had in his hands three hundred dollars, the fruits of that settlement, which was inconsistent with a rescission.

Although it is alleged in the bill that said devise was made known to Mrs. Pinkerton by the testator, yet it does not appear that she knew of said contract before the bill was brought, and in that she does not disavow the act of her father in thus presenting his claims to the commissioners, nor undertake to avoid the effect of it, although the fact itself is fully alleged, and therefore it would seem that when the bill was brought she tacitly acquiesced in it.

The contract was not divisible, and hence could not be rescinded in part and affirmed in part, but the consideration was single and the contract entire, although it embraced separate and independent matters, and therefore it must be rescinded *in toto* if at all.   It was made wholly with Henry and partly for his benefit, and the consideration moved wholly from him, and he could rescind it without the concurrence of his daughter, if it was rescindable, certainly before it came to her knowledge.   *Davis* v. *Calloway*, 30 Ind. 112, 95 Am. Dec. 671.   And that it was rescindable for the fraud and breach of the other party is not denied, but it is claimed that it was not in fact rescinded, and this brings us to consider the effect of the proceedings before the commissioners.

He who has inconsistent remedies stands at the parting of the ways, and if he would proceed, he must elect which he will take, and having taken one, he can never retrace his steps and take the other, no matter where the one taken may lead him.   It is inconsistent both to affirm and to disaffirm a contract, and therefore he who has a right to do one or the other must elect which he will do, and any decisive act, done with knowledge of the facts, constitutes an election, and the bringing of a suit is such an act, especially if prosecuted to judgment, if its maintenance necessarily involves an election to affirm or disaffirm.   There are many cases illustrative of this doctrine, to a few of which we will refer.   Thus, in *Priestly* v. *Fernie*, 3 Hurl. & N. 977, it is held that when the master of a ship signs a bill of lading in his own name and is sued to judgment on it, an action thereon will not lie against the owner, although satisfaction of the judgment against the master has not been obtained. In *Scarf* v. *Jardine*, 7 App. Cas. 345, a firm of two partners dissolved.   One retired, and the other continued the business with a new partner under the same style.   A customer of the old firm sold and delivered goods to the new firm without notice of the change.   After notice he sued the

new firm for the price, and upon their bankruptcy, proved against their estate, and afterwards sued the late partner, and it was held that he was liable only by estoppel and not jointly with the members of the new firm; that the customer might, at his option, have sued the late partner or the members of the new firm, but that, having elected to sue the latter he could not afterwards sue the former. Lord Blackburne said that the cases are uniform that when a man has an option to choose one or the other of two inconsistent things, when once he has made his election it cannot be retracted, but is final and cannot be altered. Chancellor Kent says that any decisive act of the party, with knowledge of his rights and the facts, determines his election in case of conflicting and inconsistent remedies. *Sanger* v. *Wood*, 3 Johns. Ch. 416. So if one takes out a commission of bankruptcy, he cannot afterward sue the bankrupt at law, for that would supersede the commission. *Ex parte* Ward, 1 Atk. 153; *Ex parte* Lewis, 1 Atk. 154. So a creditor who proves against an estate in bankruptcy as for goods sold and delivered to the bankrupt, cannot maintain replevin for the goods on the ground that he did not sell them to the bankrupt, for the remedies, being inconsistent, cannot stand together, and the election of one precludes resort to the other. *Ormsby* v. *Dearborn*, 116 Mass. 386. In case of a bill waiving forfeiture and on that ground seeking relief in equity, though the plaintiff fails in obtaining that relief, he shall be restrained from insisting on the forfeiture at law. 1 Sch. & Lef. 441. And generally, failure to obtain satisfaction by the remedy elected, gives no right to resort to the other. *Goss* v. *Mather*, 46 N. Y. 689; *Farwell* v. *Meyer*, 59 Mich. 179. So if a bank pays to one moneys that belonged to another, and the latter sues the wrongful receiver therefor, he thereby irrevocably ratifies the payment and discharges the bank. *Flower* v. *Bowery Savings Bank*, 113 N. Y. 450, 10 Am. St. Rep. 479, and note. In *Moller*

*v. Tuska*, 87 N. Y. 166, the plaintiff sought to regain possession of goods on the ground that the sale thereof by them was induced by the fraud of the purchaser, from whom the defendant had bought them with notice of the fraud, and it was held that the plaintiff had manifested his election of remedies by bringing the suit, and therefore could never successfully assert a claim against the purchaser under the contract, for if a man once determines his election it shall be determined forever, and to revoke it is not in his power. Coke says that an election once made cannot be revoked, and illustrates it thus :

"A rent charge is granted to A and B and their heirs ; A distreyneth the beasts of the grantor, and he sues a replevin ; A avoweth for himself and maketh conusance for B ; A dyeth and B surviveth ; B shall not have a writ of annuity, for in that case the election and avowry for the rent of A barreth B of any election to make it an annuity, albeit he assenten not to the avowry." Co. Lit. 146 a.

The doctrine is fully recognized in *Hartland* v. *Hackett*, 57 Vt. 92, and whatever may be said of its application to that case, it is evident that a proper discrimination was not there made between consistent and inconsistent remedies.

Although it does not appear that Henry refunded or offered to refund the money he received on settlement, yet the presentation of his claims to the commissioners necessarily involved a rescission of the contract, and that he did not take the requisite step of refunding or offering to refund, makes no difference with the legal consequences of the act in respect of barring relief here, for, as we have seen, the act, which was the commencement of a suit, determined his election and fixed the consequences. That proceeding and this are entirely inconsistent, as that went for a disaffirmance, while this goes for an affirmance of the contract, and therefore the former bars the latter.

Many other questions were discussed at the bar, but as this is decisive of the right, it is unnecessary to consider them.

*Decree reversed and cause remanded, with direction to dismiss the bill with costs.*

Thompson, J., being engaged in county court, did not sit.

Taft, J., took no part in consultation.