## The Town of Pawlet *vs.* A. A. Kelley, Frank Blakely, et al.

### May Term, 1897.

Present: Ross, C. J., Taft, Rowell, Tyler, Munson, Start and Thompson, JJ.

*Collector's Bond—Proof in Insolvency—Effect on Surety—Application of Payments.*

There is no inconsistency in a creditor pursuing the principal and the surety at the same time, for both actions affirm the contract.

The plaintiff, by proving its claim in insolvency against its defaulting tax collector, did not bar itself from collecting the balance of his surety.

The debt having been created by the defalcation of the insolvent, he was not discharged, and if he was, his surety was not, by reason of V. S. 2140.

It is no defense for the surety that the rate bill included unpaid taxes of years before his suretyship, the surety being liable only for the amount of such taxes collected and not paid over.

The surety is liable for the non-payment of taxes collected even though the levy was invalid.

It is no defense for the surety that the selectmen changed the tax bills from time to time in the honest correction of their own and the listers' errors.

The surety cannot take advantage of the withdrawal of uncollected taxes from the hands of the collector, since he could not be harmed thereby.

The collector made an overpayment upon the taxes of 1892, and the mistake was not discovered until the hearing before the referee, when the collector requested its application upon the rate bills of 1893 and 1894, and the plaintiff requested its application upon delinquent taxes for 1891, for which the surety was not liable. It being apparent that the money was the proceeds of taxes for 1893, it was *held*, that it should be applied upon the deficit of that year, for, neither party having made the desired application at the time, the law will make it as justice requires.

It appearing that the taxes were legally assessed and the warrants duly issued and that the collector had received and withheld the amount stated by the referee, it will be presumed that the plaintiff paid the state and the state school tax to the proper authorities.

The exceptions of both parties being overruled, neither is to be allowed costs in this court.

DEBT ON COLLECTOR'S BOND.  Heard on the report of a referee, exceptions thereto by both parties and plaintiff's motion to recommit, at the March Term, 1897, Rutland County, *Tyler,* J., presiding.  The court, *pro forma,* overruled the plaintiff's motion and exceptions and allowed the application of the overpayment upon the taxes of 1893, according to the direction of the collector, and sustained the defendant's exception and rendered judgment for the defendant, all as matter of law.  The plaintiff excepted.

*Fayette Potter* and  *G. E. Lawrence* for the plaintiff.

*Butler & Moloney* for the defendant.

The  principal,  and  consequently  the  surety,  was discharged by the election of the plaintiff to proceed in the court of insolvency.  *Dearing* v. *Smith,* 66 Vt. 60; *International Tr. Co.* v. *W. Rutland Marble Co.,* 63 Vt. 331. The claim, though not a debt, was made such by the action of the plaintiff in proving it.  V. S. 2138, 2139.  The bond was waived.  *Ames* v. *Dorset Marble Co.,* 64 Vt. 10.  A discharge in bankruptcy of the principal discharges the surety.  *Liddell* v. *Wiswell,* 59 Vt. 365.  A judgment and extent against the collector bars an action on the bond. *Hartland* v. *Hackett,* 57 Vt. 92.

The tax collector was ineligible because he had not settled his account.  V. S. 3058.

The sum stated by the referee improperly includes the unpaid highway taxes of 1891 and 1892.  Their inclusion in the rate bill made it illegal.  There was no authority for their collection.  *Rowell* v. *Horton,* 57 Vt. 31.

The surety was released by the action of the selectmen in changing the tax bills.  *Henry* v. *Chester,* 15 Vt. 460; *Barnes* v. *Ovitt,* 47 Vt. 316.

The surety was released by the withdrawal of uncollected tax bills, for this released the collector.

The surety is not liable, because if the collector was ineligible or the tax bill void, he had no right to collect the tax and is not liable for money illegally collected.

The town has not shown that the illegal taxes were collected.

The overpayment should be applied as directed by the debtor. *Roakes* v. *Bailey*, 55 Vt. 542.

It was not shown that the town had ever been compelled to pay the state or the state school tax, and as to those taxes the bond is one of indemnity only. *Middlebury* v. *Nixon*, 1 Vt. 232; *Ferrisburgh* v. *Martin*, 60 Vt. 330.

The town treasurer should have notified the surety of the misappropriation. *Carpenter* v. *Corinth*, 62 Vt. 111.

TAFT, J.  (1)  The plaintiff town presented its claim against the insolvent estate of Kelley, the defaulting tax collector, and obtained a dividend thereon.  The defendant Blakely, one of the sureties, who is defending this suit, insists that the town has thus chosen one of two inconsistent remedies and for that reason it cannot now pursue him as he was thereby discharged, citing *Hartland* v. *Hackett*, 57 Vt. 92; *White* v. *White*, 68 Vt. 162.  There is no question concerning the rule.  If a creditor has two remedies, inconsistent with each other, he has his election which to pursue, and if he adopts one, he is barred from pursuing the other.  He cannot affirm a contract, and at the same rescind it for fraud or other reasons.  If he has the right to enforce his contract by action of contract, or upon a rescission of the contract to maintain an action of tort for fraud, if he obtains judgment in contract, he waives the fraud.  *Palmer* v. *Preston*, 45 Vt. 154.  The court in *Hartland* v. *Hackett, supra,* may have erred in holding the remedies inconsistent, or it may have placed its decision upon the ground that the imprisonment of the debtor, was a *quasi* satisfaction of the debt.  There is nothing inconsistent in a creditor pursuing the principal and the surety at the same time, both actions being based upon an affirmation of the contract.  He may pursue both until he obtains satisfaction of his debt.  This point is not well taken.

In connection with it, it is further urged that the discharge of Kelley was a discharge of the surety, Blakely. The debt presented by the plaintiff against the insolvent estate of .Kelley, was one created by the defalcation of the latter as a public officer, a tax collector, and from this debt, Kelley was not discharged. V. S. 2139. If he was, the defendant Blakely was not. V. S. 2140.

(2). It is objected that the defendant Blakely cannot be holden, for that Kelley was ineligible to reelection in 1893 and 1894, under V. S. 3058, which forbids the reelection of a constable who refuses or neglects on or before the first day of March in each year, "to pay over all moneys collected by him to the treasury to which they belong, and settle his accounts with the treasurers." It does not appear that at the time of the settlements in 1893 and 1894, there were any moneys in Kelley's hands not paid over, and he settled his accounts each year with the treasurer. The referee reports that certain amounts of the taxes were *uncollected, or not paid over*, it does not appear which. If they were *uncollected*, there was no prohibition upon his reelection. If the election was in violation of the statute, whether it would bar a recovery in this action, we do not pass upon, as it is unnecessary.

(3) It is no defense herein that the selectmen included the unpaid highway taxes of 1891 and 1892 in the tax bill for 1893. If the taxpayer paid Kelley the amount of the tax, the money became the money of the town, and the surety liable if the collector did not pay it over. If the tax levy was invalid, it was no defense as to the non-payment of the moneys in fact collected. *Tunbridge* v. *Smith*, 48 Vt. 648.

(4) It is objected that the selectmen changed the tax bills from time to time, and that the sureties should not be held liable for the mistakes of, and changes by, the plaintiff's officials. The changes made as shown by the report, were corrections of errors in footings, and in other respects, and adding some taxes which had been omitted by the listers.

*26*

Accidental errors, and defects made in good faith, do not render a list void, as a basis of taxation. *Spear* v. *Braintree*, 24 Vt. 414.

(5) The surety was not harmed by the withdrawal of the uncollected taxes in the hands of the collector, in the spring of 1895. It prevented any increase in the amount of defalcation.

(6) The objection under this point is based upon assumed facts, viz: that the collector was ineligible, a void tax, and no proper assessment, and is not tenable, and

(7) for the same reasons, point seven in the brief for the defendant, assuming there was no proper assessment, was not well taken.

(8) Kelley during the year 1893, paid the defendant's treasurer, by mistake, to apply on taxes of 1892, the sum of $529.27, in excess of the sum due. The error was not discovered until the hearing in this case before the referee, when the collector requested its application upon the rate bills of 1893 and 1894, and the plaintiff upon delinquent taxes for 1891, for which the defendant Blakely was not liable. The current of decisions in this State is, that when neither party makes an application of a payment, the law will make such an application as it deems just and equitable. *Pierce* v. *Knight*, 31 Vt. 701. It is apparent that the money so applied by mistake upon the taxes of 1892, was the proceeds of the taxes for the year 1893, and it is just and equitable that that sum should be applied upon the deficit of that year. This exception of the plaintiff is not sustained.

(9) It fairly appears from the report of the referee, that the taxes were legally assessed, the warrants duly issued, and that Kelley collected and withheld the amount shown by the referee's report, and it will be presumed that the plaintiff paid the state and the state school tax to the proper authorities. There is nothing included in the report of the referee, save money collected by Kelley, and not paid

over, and by the judgment the defendant is not made liable for anything for the reason of non-collection of taxes, and nothing appears in the case which made it the duty of the town treasurer to notify the surety of any misapplication of the funds of the town, or that he had paid any funds to the town without making an application thereof.    This disposes of all questions made by the defendant;

> *The pro forma judgment is reversed, and judgment rendered for the plaintiff for the amount shown due by the report with interest since the bringing of the suit.   The exceptions of both parties being overruled neither is allowed costs in this court.*