## H. P. Agnostines *v.* C. F. Fenn & Co.

February Term, 1911.

Present: Munson, Watson, Haselton, and Powers, JJ.

Opinion filed October 10, 1911.

*Sales—Action for Price—Acceptance—Seasonable Repudiation of the Purchase—Evidence.*

In an action for the price of a monument purchased by defendants for a customer in another state, where defendants repudiated the purchase because certain dark spots appeared on the monument after it was erected in the cemetery, evidence that after it had been so erected defendants received from their customer a complaint that the monument was discolored was admissible to show that there was no acceptance of the monument from failure to repudiate the purchase within a reasonable time.

General Assumpsit. Plea, the general issue. Trial by jury at the September Term, 1910, Washington County, *Hall* J., presiding. Verdict and judgment for the defendant. Plaintiff excepted. The opinion states all that the record shows of the case.

*E. R. Davis* for the plaintiff.

*Elwin L. Scott* and *J. Ward Carver* for the defendant.

Munson, J. The suit is to recover the price of a monument which was duly delivered. Defendants claimed that certain dark stains afterwards appeared on it, and plaintiff claimed that the stains, if any in fact existed, got into the granite after it was shipped. The court admitted evidence contained in the deposition of one of the defendants, to the effect that after the monument was set up he received from W. J. Dingle a complaint that it was discolored. This was objected to as being a complaint from a party foreign to the contract, and therefore immaterial; and it was admitted solely for the purpose

of showing the basis of the defendant's action. It is evident from the charge, which is referred to generally, that the action of the defendants which the court here referred to was the opening of a correspondence with the plaintiff about the claimed defect. It appeared on argument, from the statements of both sides, that Dingle was the person who bought the monument from defendants.

It may be gathered from the papers that the plaintiff is a granite manufacturer in Barre, that the defendants are granite dealers in Chicago, and that Dingle lives in Sandusky, Ohio. The monument was evidently bought by Dingle for a particular customer, for it appears from the contract between the plaintiff and the defendants that the name letters were cut by the plaintiff. These facts seem to indicate that the monument was shipped directly from Barre to Sandusky, and was set up without having been seen by the defendants.

The monument was erected in the cemetery, and remained standing until after the trial. It appears from the charge that the question of acceptance was one of the matters submitted. The plaintiff claimed an acceptance on the ground that the purchase was not repudiated within a reasonable time. So the defendants were in the position of denying that there was an acceptance of a monument which was actually erected and still standing. In this situation, it was important for them to show that as soon as they were notified of the existence of a defect which showed that the monument was not what the contract called for, they brought the matter to the attention of the plaintiff.

The defendant's evidence was simply that he received a complaint from the purchaser that the stone was discolored. It is apparent from the charge that this complaint was the basis of the defendants' complaint to the plaintiff, and that the claimed discoloration was the subject of the ensuing correspondence and the ground of defence on trial. We think the evidence of the initial complaint was admissible as bearing upon the question of acceptance, in that it tended to show that there was no unreasonable delay in repudiating the purchase.

*Judgment affirmed.*