R. C. BOWERS GRANITE CO. *v.* THE DREW DANIELS GRANITE COMPANY.

May Term, 1916.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed January 17, 1917.

*Sale—Entire Contracts—Ratification of Sale—Claim for Deductions—Acceptance of Defective Articles Where Defect Could Have Been Discovered on Reasonable Inspection.*

Where a granite monument and slab are sold upon a single consideration the contract is entire and the buyer cannot affirm in part and rescind in part but may ratify the sale by using a portion of the monument without waiving a claim for deduction in price on account of a defect therein and may claim damages in a separate action against the seller on the ground that the contract has not been fully performed notwithstanding the full payment of the purchase price.

The facts found in this case, *held*, to justify the inference that the monument, sold by defendant to plaintiff, was accepted by plaintiff, after opportunity of examination, as filling the contract between the parties.

Where one contracts without warranty for an article to be manufactured and the article tendered in fulfillment of the contract contains a defect which could be discovered on reasonable inspection and the purchaser has a fair opportunity to make such inspection,

by receiving the article and paying therefor without objection he will be deemed, in the absence of fraud, to have accepted it as complying with the contract; and he cannot afterwards be heard to complain that the contract has not been fully performed.

ASSUMPSIT, upon a special contract. .Plea, the general issue. Trial by court at the March Term, 1911, Washington County, *Miles, J.,* presiding. Judgment, on facts found by the court, for the defendant. The plaintiff excepted. The case is fully stated in the opinion.

*H. C. Shurtleff* for the plaintiff.

*John W. Gordon* and *C. W. Clark* for the defendants.

TAYLOR, J.   This is an action of assumpsit upon a special contract. The trial was by the court with judgment on the facts found in favor of the defendant. Plaintiff argues only its exception to the judgment.

The plaintiff is a corporation engaged at Montpelier in the sale of granite monuments and the defendant is a corporation engaged in the manufacture of granite monuments at Waterbury. In March, 1909, plaintiff placed an order with the defendant for the manufacture of a granite monument and slab of certain specified sizes and design, the same to be "strictly first class stock and work and free from all defects." The monument consisted of a bottom base, a second base, a die and a cap. A single price was named for the monument and slab on board the cars at Waterbury. The job was to be completed within a specified time and when ready plaintiff was to furnish shipping directions.

The defendant accepted the order and fully performed the contract on its part, except that there was a defect in the bottom base as to which the following facts are found: During its manufacture a workman accidentally cracked the stone. It was not broken through, so as to loosen the piece, but started from the bottom of the base and extended part way up at one end. The stone was mended by putting liquid cement into the crack; and, when so fixed, was as strong as ever. The place where the stone was mended was visible on a careful examination. The court found that the crack in the base depreciated the value of the monument to the amount of $12.00.

When the monument and slab were completed plaintiff notified defendant that it would have a car which it was starting from Montpelier, stop at the defendant's premises to receive them. This occurred the latter part of June, 1909. On the arrival of the car the monument and slab were loaded upon it. When on the car the bottom of the base was not visible, but the sides were exposed to view and there was no boxing upon it that concealed the mended crack. The plaintiff gave the defendant no shipping directions, but its agent took charge of the shipment and had the car removed from defendant's premises and placed upon a side track near the railroad station. No one representing the defendant knew where the stones were being shipped nor had anything to do with them after the car was removed from the defendant's premises.

The monument was shipped to Los Angeles, California, and arrived at its destination on or about July 25, 1909. It was afterwards set up in a cemetery there. Plaintiff wrote the defendant on September 28, 1909, complaining that there were rust spots on the cap. On October 12, 1909, it wrote another letter in which complaint was made of the "shake" in the bottom base. In course of correspondence plaintiff requested the defendant to furnish another cap and bottom base, which the defendant declined to do. Plaintiff finally procured a base and cap elsewhere and substituted them for those furnished by the defendant. The latter are now stored by the plaintiff in Los Angeles and have never been tendered to the defendant. August 14, 1909, plaintiff settled the balance due from it to the defendant which included the price of this monument and slab. It now seeks to recover $434.53, being the expense incurred in replacing the base and cap.

When plaintiff retained and used a portion of the job it affirmed the sale and obligated itself to pay the purchase price, subject to such deductions, if any, as it would be entitled to make because of defects in material or workmanship. The contract was not divisible. The monument and slab were sold upon a single consideration. The contract being entire, the plaintiff could not affirm it in part and rescind in part. *White* v. *White,* 68 Vt. 161, 165, 34 Atl. 425; *Taplin & Rowell* v. *Clark,* 89 Vt. 226, 229, 95 Atl. 491. The finding that the cap complied with the contract leaves no basis for plaintiff's claim to recover the total expense

of replacing both the cap and the bottom base. The court did not find, nor, so far as appears, was it asked to find, what part of the expense incurred related to the bottom base.

Plaintiff contends that, if it is not entitled to recover the sum expended to replace the base and cap, it is at least entitled to recover on the findings the difference in value of the monument delivered and that contracted for. It is well settled that plaintiff could ratify the sale by using a portion of the monument without waiving a claim for deduction in price on account of the defect; and there would seem to be no objection to its claiming damages in a separate action, on the ground that the contract had not been fully performed, notwithstanding it has paid the full price. *Esty* v. *Read,* 29 Vt. 278, 281.

But whether the plaintiff now has any ground for a legal claim depends upon the facts found which bear upon the question of delivery and acceptance; for if they support the inference that plaintiff accepted the stone as filling the contract, we would not be at liberty to disturb the judgment below.

Where one contracts without warranty for an article to be manufactured and the article tendered in fulfillment of the contract contains a defect which could be discovered on reasonable inspection and the purchaser has a fair opportunity to make such inspection, by receiving the article and paying therefor without objection he will be deemed, in the absence of fraud, to have accepted it as complying with the contract; and he cannot afterwards be heard to complain that the contract has not been fully performed. *Henderson* v. *Ward,* 27 Vt. 432.

It seems clear that the case at bar falls within this rule. It is not affected by any question of warranty, and fraud cannot be relied upon as taking it out of the general rule. A request for a finding that the defendant mended the stone without notifying the plaintiff and intending to keep the defect from plaintiff's knowledge was expressly denied, coupled with a finding that the servant who cut the stone mended it hoping ''to get it by and not have to cut a new base;'' and that he did not call anybody's attention to it. It is made clear that defendant's representative did nothing to conceal the defect; and, so far as appears, they did not know that the stone had been mended. There is no finding that plaintiff's representative who acted for it in this transaction did not discover that the stone had been mended. He negotiated

the purchase of the monument and must have known the requirements of the contract. He had charge of the shipment and had ample opportunity to examine the stone before it was shipped. It is expressly found that he was at defendant's place of business weekly during the manufacture of the monument and could have discovered the defect, if he had examined it carefully. The facts found fully justify the inference that the stone was accepted as filling the contract, which, in the circumstances, defeats plaintiff's claim for damages.

It should be noted that this is not the case of one who orders an article to be manufactured and shipped to a distant point without an opportunity to ascertain by inspection whether it complies with the contract until its arrival at its destination. See *Agnostines* v. *Fenn*, 85 Vt. 158, 81 Atl. 255; *Bianchi Granite Co.* v. *Terre Haute Granite Co.*, 91 Vt. 177, 99 Atl. 875.

*Judgment affirmed.*