ESTY & DUTTON *v.* DANIEL READ, *appellant.*

*Notice of non-acceptance of articles inferior to those contracted for.   Auditor's report conclusive as to fact.*

Where articles are manufactured and delivered which are inferior in some respects to those contracted for, the person for whom they are manufactured must, if he declines to accept them, give notice of such non-acceptance to the other party within a resonable time.

The report of an auditor conclusive as to every fact found which the testimony before him had a tendency to prove.

BOOK ACCOUNT.   The plaintiffs' account was "for one set of

gravestones, fifteen dollars," in reference to which the auditor reported the following facts:

About the first of July, 1853, the plaintiffs through their agent Ezek Atwood, entered into a contract with the defendant to furnish him a set of gravestones to be erected at the grave of Mrs. Luke T. Barber, in Wardsboro; and it was agreed between the parties that said stones were, to be like or should match a set of stone then standing at the grave of the husband of Mrs. Barber who had previously deceased, and the defendant was to pay the plaintiffs the sum of fifteen dollars for them. Immediately upon the conclusion of the above agreement the plaintiffs, through their agent, further agreed to inscribe upon said stone an epitaph. The plaintiffs selected and finished a set of stone and inscribed thereon the name of Mrs. Barber, with dates, &c., but omitted the epitaph, which was by mistake copied upon another stone, and after they were finished as above and some time in August, 1853, the plaintiffs sent them by their team to the graveyard in Wardsboro and caused them to be erected at the grave of Mrs. Barber. The stones furnished by the plaintiffs were as to *quality* fully equal to the sample; but in the matter of finish and lettering they were in the execution of the work inferior thereto, and there was a slight difference in the size or width. On the same day the stones were erected at the grave the defendant, who resided about four and one-half miles from said graveyard and about two and one-half miles from the residence of Atwood, received notice of their being so erected, and about one week after that he went to the yard and examined the stones; and about one week after inspecting them he saw Atwood at West Townshend and a conversation was had in relation to the stones, the defendant making some objection to them on account of the finish and that the epitaph was omitted. Something was said at this time by Atwood in relation to an alteration in the finish and of inscribing the epitaph thereon, and other and similar conversations were had between the parties at different intervals of time; but the defendant did not until some time in May, 1854, give the plaintiffs distinctly to understand that he declined to accept said stones as *they were* or to pay for them. The alterations which the plaintiffs' agent spoke of making had not been made and the stone remained standing at the grave as when first erected.

The auditor reported that if the defendant in order to avoid his liability must have given the plaintiffs *immediate notice* of his non-acceptance of said stone, or if he was bound to give such notice within a *reasonable time*, then there was due the plaintiffs the sum of sixteen dollars and seventy-two cents, being the contract price with interest. But that if no such notice was necessary in order to avoid his liability there was nothing due.

Upon the report of the auditor, the county court, September Term, 1855 — UNDERWOOD, J., presiding — rendered judgment in favor of the defendant. Exceptions by the plaintiffs.

*E. Kirkland*, for the plaintiffs.

I. When goods are not such as were contracted for, nor such as the buyer is obliged to take, he is bound to return them immediately to the vendor or give him immediate notice to take them back or he will be presumed to acquiesce in the quality of the goods and must pay for them; 2 Kent's Com. 480; Story on Sales, sec. 405; *Fisher* v. *Samuda*, 1 Camp. 190; *Groning* v. *Mendborn*, 1 Starkie 205; *O'Kell* v. *Smith*, 1 Starkie 86; *Milner* v. *Tucker*, 1 C. & P. 15, (11 E. C. L. 301); *Penival* v. *Blake*, 2 C. & P. 514, (12 E. C. L. 241); *Carl* v. *Giles*, 3 C. & P. (14 E. C. L. 372).

II. The question whether notice was given in a reasonable time is one for the auditor to find, and he has found that it was *not* given, and this finding is conclusive; *Rowe* v. *Orsborn*, 1 Starkie 112; *Groning* v. *Mendborn*, 1 Starkie 205.

*A. Stoddard*, for the defendant.

Has the defendant accepted the work or waived his right to have the contract fulfilled according to its stipulations? This is a question of law to be determined from the facts reported; *Morrison* v. *Cummings*, 26 Vt. 486; *Hopkinson* v. *Holmes*, 18 Vt. 18.

Considering the distance from the residence of the defendant to the place where the stones were erected, and to the residence of the plaintiffs' agent, there was no unreasonable delay on the part of the defendant in communicating his objections; *Morrison* v. *Cummings, ub. sup.;* Chitty on Cont. 462, note.

That the plaintiffs' agent understood the defendant as not accept-

ing them is manifest from his proposing to improve the finish and complete the job by inscribing upon the stone the epitaph; *Austin* v. *Wheeler*, remarks of chief justice, 16 Vt. 95.

If in ordinary cases the vendee would be bound to give more explicit notice of non-acceptance, the defendant was excused by the repeated encouragement given to the plaintiffs' agent to complete the job.

The opinion of the court was delivered by

REDFIELD, CH. J.   The report of the auditor certainly puts the case upon the ground that the defendant gave no notice to the plaintiffs of repudiating the sale, either immediate or in a reasonable time.   Unless, then, we could say that the testimony in the case had no tendency to prove such facts, the finding of the auditor will be conclusive of the facts found.   Although there is probably considerable ground of difference of opinion in regard to whether the testimony did tend to show a repudiation of the sale, we think it would be difficult to come to the conclusion that there is no testimony tending to show that the defendant did not repudiate the sale.   His conduct and declarations as far as reported by the auditor certainly shews that the plaintiffs' agent supposed, and was perhaps justified in supposing that the defendant intended to accept the stones, but would claim something more to be done to them. This will be a ratification of the sale but not a waiver of all claim for deduction in the price on account of the inferiority claimed and shown, and probably not of the right to claim damages in a separate action on the ground of the contract not being fully performed.

As there must be a recovery for the value of the stones, it would be no benefit to the defendant to recommit the case on that point.

Judgment reversed and judgment on report for the plaintiff.