JOSEPHINE M. WATTS *v.* GATES L. MULLIKEN'S ESTATE.

February Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, and MILES, JJ., and FISH, Supr. J.

Opinion filed October 4, 1921.

*G. L. 1863—Tolling of Statute of Limitations by Fraudulent Concealment of Cause of Action—When Mere Silence Constitutes Fraud—Question of Pleading not Considered When Issue Tried as Though Properly Pleaded—Finding That Claim Was Barred not Reversible When No Finding That Claim Was Ever Owed—Unsupported Evidence of Party Need not Be Believed.*

1.  Under G. L. 1863, as to the tolling of the statute of limitations by the fraudulent concealment of the cause of action, while some material fact must be concealed by positive or affirmative act as distinguished from mere silence, it is immaterial whether the concealment precedes, is concurrent with, or subsequent to, the beginning of the cause of action; and the fraud, by which the concealment is accomplished, need not be other than that which constitutes the cause of action, if it actually has such effect.

2.  The effect of the original fraud, whether operating to conceal the cause of action or not, is the controlling factor when the defendant does no more than to remain silent, and, in such case, if it is the duty of the defendant to disclose a breach of trust or confidence, his mere silence, if it conceals the facts, is an affirmative act postponing the running of the statute of limitations.

3. Where plaintiff's bank deposit was wrongfully withdrawn and converted by her brother without her knowledge or consent, and she did not discover the fact until after his death nine years later, his failure to disclose the withdrawal of the deposit was a fraudulent concealment of the cause of action within the meaning of G. L. 1863.

4. Where an issue was tried as though properly pleaded, and the record states that no question was made on trial as to the pleadings and their sufficiency, the objection, made for the first time in Supreme Court, that it was not raised by the pleadings will not be considered.

5. In an action against a decedent's estate, a finding that certain items were barred by the statute of limitations, if incorrect, was not reversible, where there was no finding that the items were ever owing to the plaintiff.

6. The trial court is not bound to believe the unsupported testimony of a party although not directly contradicted.

APPEAL from the disallowance by the commissioners on the estate of Gates L. Mulliken of a claim presented by Josephine M. Watts. Declaration, general counts in assumpsit. Plea, the general issue with notice of special matter in defence. Trial by Court at the June Term, 1920, Caledonia County, *Butler,* J., presiding. Judgment for the defendant. The plaintiff excepted. The opinion states the case.

*Shields & Conant* for the plaintiff.

*Samuel E. Richardson* and *Porter, Witters & Longmoore* for the defendant.

TAYLOR, J. The plaintiff appealed from the disallowance of certain claims against the estate of her brother, Gates L. Mulliken. The trial was by court on a complaint in the common counts in assumpsit, to which the defendant answered a general denial, payment, and the statute of limitations. The court found that none of the items of the plaintiff's specification accrued within seven years prior to the death of said Gates L., except two that had been paid, and that certain credits relied upon to take the account out of the statute were specific payments, and not payments on account. The judgment was for the defendant, and the case is here on plaintiff's exceptions.

The questions argued are raised by two exceptions. The first in the order briefed relates to a claim of $375.91 for money withdrawn by Gates L. from the Citizens Savings Bank & Trust Company of St. Johnsbury on January 10, 1910. The facts found respecting this claim were these: This deposit stood in the name of Josephine P. Mulliken (the plaintiff), and had been made to plaintiff's account by Gates L. in payment of what he owed her for services and otherwise, and was her property. It was withdrawn without right by Gates L. without any order or authority from the plaintiff, and without her knowledge, consent, or approval, and the money appropriated to his own use. Nothing was said to the plaintiff to lead her to understand that the money had been withdrawn, and she had reason to believe and did believe that it remained in the bank to her credit. She did not discover that it had been withdrawn until after the death of Gates L. in February, 1919. The plaintiff relied upon the claim that in the circumstances the statute of limitations would not begin to run until the discovery of the cause of action both at common law and by virtue of our statute.

G. L. 1863, provides: "If a person entitled to bring a personal action is prevented from so doing by the fraudulent concealment of the cause of such action by the person against whom it lies, the period prior to the discovery of such cause of action shall be excluded in determining the time limited for the commencement thereof." This statute was enacted in 1917, (No. 78, Acts of 1917), and is now for the first time before the Court for construction.

It will be well at the outset to note the state of the law on the subject in this jurisdiction prior to the passage of the statute. It was early held that the statute of limitations does not run in chancery against an equity, the grounds of which have been kept out of sight by the fraud of the party pleading the statute. *Payne* v. *Hathaway,* 3 Vt. 212. In *Smith* v. *Bishop,* 9 Vt. 110, 31 A. D. 607, the question arose as to whether the statute of limitations was a bar to an action at law for deceit committed more than six years before the action was brought, where the fraud was not discovered until within the period of limitation. The case was heard on demurrer to a replication which sought to avoid the statute on the ground that the fraud charged in the declaration was not discovered until a time less than six years before the bringing of the action. In a well-reasoned opinion by

PHELPS, J., the Court held that the demurrer was properly sustained. It is pointed out that the rule at law and in chancery is not the same. The doctrine approved by some courts that fraud will take a case at law out of the statute is expressly repudiated as a rule of general application, though it is intimated that it might apply under circumstances deserving of special consideration.

Apparently not until *Morrill* v. *Palmer,* 68 Vt. 1, 33 Atl. 829, 33 L. R. A. 411, was the Court again called upon to consider the effect of concealment of the fraud charged upon the running of the statute. That was an action on the case for deceit. The defendant, a married man, deserted his wife in this State and went to Massachusetts, where he met the plaintiff. He represented that he was single and deceived her into a void marriage. The plaintiff lived with the defendant as his wife for more than thirty years, bore him children, and assisted in the accumulation of a large amount of property. Subsequent to his marriage to the plaintiff, the lawful wife secured a divorce in Vermont, but the plaintiff was ignorant of her marriage status until shortly before the suit was brought. The defendant relied upon the statute of limitations, and the question was when the cause of action accrued, and, if the cause of action was complete at the time of the marriage, what effect the concealment of the fraud had upon the rights of the plaintiff in respect to the statute of limitations. A majority of the Court held that the defendant's representations were continuous—that it was a continuing fraud —and that the cause of action did not accrue in the circumstances until the fraud was discovered. Referring to plaintiff's claim that "active concealment of the fraud subsequent to the marriage" was an answer to the plea of the statute, the majority say that, while they think the claim is tenable, in view of their holding there was no occasion to consider the effect of the concealment of the fraud to defeat the running of the statute, nor the want of a replication to the plea. In the dissenting opinion by ROWELL, J., in which MUNSON, J., concurred, the point is made that the question argued was not whether the statute began to run from the discovery of the fraud out of which the cause of action grew, but whether the subsequent concealment of the fraud was an answer to the statute. However, the dissent was from the holding in effect that, inasmuch as the defendant's fraudulent representations were continuous, they were indivisible in point

of time, and hence altogether constituted but one cause of action, which did not accrue until they ceased on discovery, and consequently that recovery might be had for the whole time. The question whether the fraudulent concealment shown subsequent to the marriage was sufficient to toll the statute was not discussed, and, as we have seen, not decided, though countenance is given to the rule, supported by the weight of authority in this country, that the statute does not at law run during the time that the defendant fraudulently conceals from the plaintiff the facts constituting the cause of action. It would seem that G. L. 1863 is merely declaratory of the common law as recognized by this Court, enacted, it may be, for the purpose of removing any doubt to be implied from the decisions. However this may be, the statute is now our only guide in solving the question presented here. It defines the exception from the statute of limitations applicable to the case in hand, and manifestly the plaintiff's claim is barred unless she has brought herself within the exception. In terms the excepting statute makes fraudulent concealment of the cause of action, of a character calculated to prevent the bringing of an action, essential to the postponement of the statute of limitations. The difficulty arises when the cause of action itself springs from the fraudulent act of the defendant. It is not always an easy matter to distinguish between the fraud that is the gist of the action and fraud that conceals the cause of action.

[1]    Many states have similar statutes which have been before the courts for construction. There is little disagreement in their decisions. In the absence of a fiduciary relation, or a relation of trust and confidence imposing a duty to disclose, the rule generally followed is that the concealment of a cause of action which will prevent the operation of the statute of limitations must be something of an affirmative character designed to prevent, and which does prevent, the discovery of the cause of action. Mere silence by the person liable is not sufficient, but such concealment must consist of affirmative acts or representations. *Lancaster* v. *Springer*, 239 Ill. 472, 88 N. E. 272; *Terry* v. *Davenport*, 185 Ind. 561, 112 N. E. 998; *Waugh* v. *Guthrie Gas, etc., Co.*, 37 Okl. 239, 131 Pac. 174, L. R. A. 1917B, 1252; *Oklahoma Farm Mfg. Co.* v. *Jordan* (Okla.) 168 Pac. 1029; *Smith* v. *Blachley*, 198 Pa. 173, 47 Atl. 985, 53 L. R. A. 849; *Van Ingin* v. *Duffin*, 158 Ala. 318, 48 South. 507, 132 A. S. R. 29; 25 Cyc.

1218. Such in effect is the holding in Massachusetts, which has a statute practically identical with ours. *O'Brien* v. *McSherry*, 222 Mass. 147, 109 N. E. 904.

While some material fact must be concealed by positive or affirmative act as distinguished from mere silence, it is immaterial whether the concealment precedes, is concurrent with, or subsequent to, the beginning of the cause of action. *Hall* v. *Penn. R. Co.*, 257 Pa. 54, 100 Atl. 1035, L. R. A. 1917F, 414. Indeed, the fraud by which the concealment is accomplished need not be other than that which constitutes the cause of action, if it actually has such effect. *Way* v. *Cutting*, 20 N. H. 187; *Quimby* v. *Blackey*, 63 N. H. 77; *Kelley* v. *Nealley*, 76 Me. 71; *P. H. Sheehy Co.* v. *Eastern Imp. & Mfg. Co.*, 44 App. D. C. 107, L. R. A. 1916F, 810; *U. S.* v. *Wolley*, 262 Fed. 518. The question is whether there was a design to prevent the discovery of the facts which gave rise to the action and whether the act operated as a means of concealment. *Hall* v. *Penn. R. Co., supra; Whitesell* v. *Streckler*, 167 Ind. 602, 78 N. E. 845, 119 A. S. R. 524; 17 R. C. L. 863. It is said in 17 R. C. L. 857, that the general trend of the decisions is in support of the rule that, where a party against whom a cause of action has accrued in favor of another by actual fraudulent concealment prevents such other from obtaining knowledge thereof, or the fraud is of such a character as to conceal itself, the statute of limitations will begin to run from the time the right of action is discovered, or by the exercise of ordinary diligence might have been discovered.

[2] Some courts make a distinction between cases where the basis of the action is not actual fraud and those where it is, holding in the latter that the mere silence of the defendant is a continuation of the original fraud, constituting a fraudulent concealment. *Am. Nat. Bk.* v. *Fidelity, etc., Co.*, 131 Ga. 854, 63 S. E. 622, 21 L. R. A. (N. S.) 962, and note; 17 R. C. L. 861, § 220. We do not think that our statute is capable of such a construction. It seems more logical to say that the effect of the original fraud, whether operating to conceal the cause of action or not, is the controlling factor under such a statute when the defendant does no more than to remain silent. Mere silence is not fraudulent unless the defendant is charged with the duty of speaking. The statute can be given the full force intended by holding that there may be a fraudulent concealment of the cause of action in contemplation of its provisions when the act com-

plained of is committed in a manner calculated and intended to conceal itself.

As already intimated, there is a well-recognized exception to the general rule that the fraudulent concealment of a cause of action which will postpone the running of the statute of limitations must consist of some affirmative act. Concealment of facts by one whose duty it is to disclose them is deemed to be fraudulent. *Alter* v. *Smith*, 245 Ill. 57, 91 N. E. 776, 19 Ann. Cas. 105. Thus it has been held to constitute fraudulent concealment sufficient to toll the statute where a relation of trust and confidence exists between the parties, making it the duty of the defendant to disclose the true state of the case to the plaintiff (*Wilson* v. *Ivy*, 32 Miss. 233), or where a cause of action is fraudulently concealed by one acting in a confidential business relation (*Tompkins* v. *Hollister*, 60 Mich. 470, 27 N. W. 651), or, in short, in any case where it is the duty of the defendant to make known a breach of trust or confidence. *Am. Nat. Bk.* v. *Fidelity, etc., Co., supra.* See also *Atlantic Bank* v. *Harris*, 118 Mass. 147; *Old Dominion, etc., Co.* v. *Bigelow*, 203 Mass. 159, 89 N. E. 193, 40 L. R. A. (N. S.) 314.

[3]    The findings are meager on the subject of the relations between the plaintiff and her brother, but enough is disclosed to make it at least probable that they were so far confidential as to render fraudulent the latter's failure to disclose the withdrawal of the deposit. However, we have found it unnecessary to say more in view of our conclusions on the other phase of the question. We think it should be held that the findings make a case of fraudulent concealment within the provisions of G. L. 1863, on the ground that the conduct of Gates L. in reference to the withdrawal unmistakably evidence a design to prevent discovery, and that his acts were calculated to operate, and in fact did operate, as a means of concealment. In principle the case is not unlike a similar action against a thief to recover for money feloniously taken and converted. It would be a manifest perversion of the statute to say that the carefully laid plan by which he acquired the money and escaped detection for more than six years was not a fraudulent concealment of the cause of action and that, having thus kept his victim out of his rights, the statute of limitation could be successfully invoked for his protection. The mere statement of the proposition carries its

refutation. The exception of the disallowance of this item of plaintiff's specification is sustained.

[4]   Defendant makes the point that the pleadings did not raise the issue of fraudulent concealment. Doubtless the burden was upon the plaintiff to avoid the statute of limitations which was interposed in bar of the action; and good pleading may have made a replication necessary, if the objection had been seasonably and properly raised. But the issue was tried as though properly pleaded. The record states that no question was made on trial as to the pleadings or their sufficiency, and so the objection made for the first time here comes too late to avail.

[5, 6] ⸱ The plaintiff saved an exception to a finding that all of the items of plaintiff's specification, except two that had been paid, were barred by the statute of limitations, if they were ever due the plaintiff, on the ground now relied upon that there was evidence which was undisputed tending to show a new promise on the part of Gates L. which took all of the items out of the statute. It is to be observed that there is no finding that any of these items, except the money withdrawn from the bank, were ever due the plaintiff; and the record shows no exception to the failure of the court to find in respect thereto. The claims are disposed of by the finding that they are barred and the further statement, ''Therefore we deem it unnecessary to make further findings of fact in respect to them.'' Standing thus, the exception saved would not show reversible error. However, the plaintiff's position on the question argued is untenable. If, as plaintiff claims, the defendant waived the requirement of the statute that the new promise be in writing by not objecting seasonably to the parol evidence offered in support of it, still the evidence was not of a character compelling the ·finding. The issue stood on the unsupported testimony of the plaintiff. The court was not bound to believe her testimony, though not directly contradicted. *Miller* v. *Miller*, 89 Vt. 547, 95 Atl. 928. The circumstances and her appearance as a witness were for consideration, and we are unable to say that the court erred in failing to find her claim of a new promise sustained.

In the discussion of this exception the plaintiff insists that the defendant cannot rely upon the statute of limitations, as it was not properly pleaded, but, as in case of a similar point made by the defendant, the objection is out of time. The parties were

satisfied with the pleadings on the trial, and neither can now be heard to complain.

*Judgment reversed, and judgment for the plaintiff for $375.91, with interest from January 10, 1910, and costs of suit. Let the result be certified to the probate court.*