TEMPLE BROTHERS *v.* RETTA MUNNETT.

February Term, 1923.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed February 6, 1924.

*Contract of Sale—Executory Contract—Rights of Buyer When Goods Not in Accordance with Contract—Effect of Acceptance of Goods—Payment in Whole or in Part as Evidence of Acceptance—Presumption of Finding to Sustain Judgment—Judgment May Be Affirmed on Grounds Not Raised.*

1. A contract to furnish, finish, and set up a monument and marker of specified materials and design, in a good workmanlike manner, for a specified price, part thereof to be paid when the contract was executed and the balance to be paid in cash on delivery, was executory in its nature.

2. Under such a contract, if, when the monument and marker were completed and set up, they did not conform substantially to the requirements of the contract, it was optional with the buyer to reject them or accept them and seek redress in damages, but, if accepted, the only recourse for a shortage in performance would be the remedy by way of damages.

3. Payment, in whole or in part, of the contract price, after the work has been delivered, is very convincing evidence of acceptance.

4. In an action to recover the balance of the contract price of a monument and marker furnished by plaintiff to defendant and claimed by the latter not to conform to the contract, there being evidence from which the trial court could have fairly inferred an acceptance of the job by the defendant, on excep-

tions, in support of the judgment, the Supreme Court will assume that such inference was drawn.

5. On exceptions to the Supreme Court, a judgment will be affirmed if it can be on any legal ground, whether raised or not.

ACTION OF BOOK ACCOUNT. Heard by the presiding judge, *Fish*, at the March Term, 1922, Rutland County. Judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Guy M. Page* for the defendant.

*Walter S. Fenton* for the plaintiff.

BUTLER, J. The action is book account to recover the balance of the contract price of a monument and marker furnished by the plaintiff to defendant. Heard by the court. Judgment for the plaintiff to recover of defendant $398.42, the balance found due. The defense relied upon is that the right of recovery, if any, is based on an entire contract for the monument in question and full performance is necessary to entitle the plaintiff to recover.

The case comes here on defendant's exceptions: (1) To the finding of the court as not warranted by the evidence in the case and as contrary to the evidence for that the evidence established that the monument as set differed materially from the monument described in the contract and there was no evidence in the case warranting a finding of compliance by plaintiff with the terms of the contract; (2) to the judgment as unwarranted by the facts found.

We pass over the first exception, because granting that the defendant is right concerning the question raised thereby, the judgment must stand if supported by other findings. It appears that the contract was in writing, dated April 10, 1920, and provided that plaintiff should furnish and set up in the cemetery at Shelburne, Vermont, a monument and marker; the marker to be set before May 30, 1920, and the monument to be set within a reasonable time. The base and die of the monument were to be of dark Barre granite and were to be surmounted by a marble statue of special design, all to be nine feet in height.

Both monument and marker were to be finished and set up in a good workmanlike manner and the job was to be a first-class job in every particular. The price for the entire job was $700, of which $125 was to be, and was, paid when the contract was executed, and the balance was to be paid in cash on delivery.

[1, 2]   It is thus seen that the contract was executory in its nature; and if when the monument and marker were completed and set up they did not conform, substantially, to the requirements of the contract, it was optional with the defendant to reject them or accept them and seek redress in damages.

She could accept or ratify the sale without waiving her claim for deduction in price for defects. *Esty* v. *Reed*, 29 Vt. 278, and if she once accepted the monument her only recourse for a shortage in performance would be by way of damages. The question then is one of acceptance, or ratification of the sale. If the payment of the money, subsequent to delivery of the monument and marker, set up as they were, will support the inference that defendant accepted them as filling the contract, we are not at liberty to disturb the judgment below.

[3]   Acceptance may be shown in various ways. Payment, in whole or in part, of the contract price, after the work has been delivered, is very convincing evidence of acceptance. In the instant case, it is found that defendant paid $200 on this job, June 27, 1921, and since under the contract nothing was due until the monument was delivered and set up, we may fairly assume that it had been delivered and set when the $200 was paid.

[4]   In these circumstances, the trial court might have fairly inferred an acceptance of the job by the defendant, and in support of the judgment this Court will assume that such inference was drawn. *Bowers Granite Co.* v. *Drew Daniels Granite Co.*, 91 Vt. 107, 99 Atl. 776; *Thompson-Starrett Co.* v. *Plunkett*, 89 Vt. 177, 94 Atl. 845; *Strong & Jones* v. *Oldsmobile Co.*, 96 Vt. 355, 120 Atl. 100.

[5]   That this question was not noticed by counsel in the presentation of the case is immaterial, because the judgment will be affirmed if it can be on any legal ground, whether raised or not. *Goupiel* v. *Grand Trunk Ry. Co.*, 94 Vt. 337, 111 Atl. 346; *Wood* v. *James*, 93 Vt. 36, 106 Atl. 566.

Having affirmed the contract, the defendant is left to her

redress for damages, if any, which she may have suffered. The case was fully heard and the balance due found by the court.

*Judgment affirmed.*