GEORGE A. FERNALD & COMPANY *v.* J. B. MANLEY ET AL.

October Term, 1925.

Present:  WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 13, 1926.

*Courts—Effect on Court's Jurisdiction by Payment of Note in·
Suit Without Accrued Costs—Judgment May Be Affirmed
on Grounds Not Raised.*

1.  In action of contract on promissory note, payment of such note
    which did not include plaintiff's accrued costs, *held* not to
    deprive court of jurisdiction to continue action, including com-
    plaint in set-off, as nothing short of payment of debt and costs
    could extinguish claim on which suit is predicated.
2.  Judgment below will be affirmed in Supreme Court when it can
    be done on legal grounds, whether presented in argument or
    not.

ACTION OF CONTRACT.  Pleas, general issue and other de-
fenses, including complaint in set-off.  Heard on defendant's
demurrer to plaintiff's additional answer to complaint in set-off,
at April Term, 1925, Windham County, *Chase*, J.,  presiding.
Demurrer sustained *pro forma.*  The plaintiff excepted.  The
opinion states the case.  *Affirmed and remanded.*

*M. P. Maurice* for the plaintiff.

*W. R. Daley* for the defendant.

STATEMENT.  This action, commenced in October, 1922, was
brought to recover the amount due on the promissory note de-
scribed in the complaint, given by. the defendants.  Among
other defenses thereto, the defendants filed their complaint in
set-off.  The plaintiff filed answer to the latter complaint, and
later, on April 11, 1925, filed its additional answer thereto.
Said additional answer reads:  ''Now comes the plaintiff in
the above entitled cause, by * * * * * * * *, its attorney, and

further answering the complaint in set-off of the said defendants says: That since the filing of the complaint in set-off of the said defendants in said cause, the said defendants have paid, or caused to be paid, the note set forth and described in the plaintiff's complaint, and that there is no action or cause of action under the plaintiff's complaint in said cause now pending against the said defendants; and on account thereof the court is without jurisdiction to try and determine the matters and things alleged in the complaint of the said defendants by way of set-off and counter-claim.

''And the plaintiff moves that the court allow the said plaintiff to become nonsuit or to discontinue said action.''

To this additional answer the defendants demurred. The demurrer was sustained *pro forma* and the additional answer adjudged insufficient, to which plaintiff excepted, and the cause was passed to the Supreme Court before final judgment.

WATSON, C. J. [1] It is enough to say in support of the holding below, that the alleged payment of the note declared upon in plaintiff's complaint did not include the plaintiff's costs already accrued in the original action. For this reason the alleged payment was not sufficient in law to defeat or discharge the suit declaring on the note. Nothing short of the payment of the debt and costs could extinguish the claim on which the suit is predicated. The plaintiff would still be entitled to judgment for nominal damages and costs. *Stevens* v. *Briggs,* 14 Vt. 44, 39 A. D. 209. It follows that the jurisdiction of the court continues as to the action, including the complaint in set-off.

Whether the jurisdiction would have been affected if the payment, made after the complaint in set-off was filed, had been such as to cover both the note and the costs mentioned, is a question not within the record.

[2] Although the ground of this affirmance was not presented in the argument of the case, we follow the established rule that the judgment below will be affirmed when it can be done on legal grounds, whether presented in argument or not. *Goupiel* v. *Grand Trunk Ry. Co.,* 94 Vt. 337, 111 Atl. 346; *Temple Brothers* v. *Munnett,* 97 Vt. 395, 123 Atl. 431.

*Judgment affirmed and cause remanded.*

BUTLER, J., concurs in the result.