FREDERICK A. SEARLE, RECEIVER OF COMMERCIAL TRUST COMPANY, *vs.* ALEX GERENT ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued March 5th—decided April 19th, 1932.

*Donald Gaffney,* with whom was *Bernard F. Gaffney,* for the appellant (plaintiff).

*William F. Mangan,* for the appellees (defendants Scholar and Kereleyza).

HINMAN, J. The plaintiff, as receiver of the Commercial Trust Company of New Britain, brought this action to recover from Andrew Gerent, Alex Gerent, and three others as guarantors of a note for $10,000, given by the Ukrainian Company of New Britain to the Trust Company, and to set aside, as fraudulent, conveyances made by Andrew Gerent to Christi Scholar and to two others, and by Alex Gerent to Nicholas Kereleyza. This appeal relates only to the judgment for the defendants Scholar and Kereleyza, and its purpose and effort are to procure alterations in the finding which, it is claimed, would invalidate the conclusions of the trial court that the conveyances to these defendants were given in consideration of and as security for prior indebtedness of the grantor to the grantee, and without intent to defraud the plaintiff.

The finding is that at various times prior to May 12th, 1931, Scholar had loaned to Andrew Gerent various sums of money. Gerent's wife, who was a half-sister of Scholar, died early in 1931. Soon after her death, Scholar, who had relied upon her honesty to see to it that the money loaned by him to Gerent was paid, began to demand of Gerent that he either pay the indebtedness or give security for it. They agreed that the amount owed was $5700 with interest which would bring the total to $6000, and on May 12th, 1931, Gerent executed a mortgage to Scholar for that amount on real estate in New Britain. On May 27th, 1931, Alex Gerent was indebted to Kereleyza in the sum of $5000 for money loaned, $2000 on November 1st, 1924, and $3000 on August 1st, 1928, both items being evidenced by written acknowledgments. On several occasions Kereleyza had demanded payment or security and on May 27th, 1931, Gerent executed a note to him for $5000 secured by mortgage. It is also found that

at the date of these conveyances no demand had been made on either grantor for payment as guarantor of the Ukrainian Company note, and that neither grantee then knew that his grantor was such guarantor or was indebted or obligated to the Trust Company or its receiver. The finding last mentioned is attacked, but as there is evidence to that effect it must stand.

The finding that the grantors were indebted to the grantees, respectively, being supported by evidence which the court was at liberty to credit, could not be eliminated, and the appellant makes no attempt to do so. He seeks, however, to add numerous paragraphs from the draft-finding stating claimed facts which he regards as inconsistent with the existence of the loans which the court found to have been made. The requested additions pertaining to Andrew Gerent and Scholar include findings relating to the earnings and maximum accumulations of Scholar, that the claimed indebtedness comprised small loans made from time to time during seven years, the failure of the parties to keep written accounts of their dealings, and of Scholar to ask, earlier, for evidences of indebtedness, the manner of computation of the total amount and interest, and omission by Scholar to demand the first payment of principal of his mortgage when due. As to the situation between Alex Gerent and Kereleyza, it is sought to have included that of the two loans claimed to have been made and evidenced by informal written acknowledgments, the first, $2000, consisted of $500 cash which Kereleyza had accumulated and $1500 received by him in payment of a loan to another party, and the second, $3000, was made with cash which he had in the house, although he had a savings-bank account at the time; also, that he did not demand security until May, 1931, did not include accrued interest

in the principal of the note and mortgage, and did not demand payment of interest on the mortgage note when due. It was also requested that it be made to appear that neither of the Gerents testified on the trial.

While there was testimony as to most of these matters which was not expressly contradicted, they are not therefore necessarily admitted or undisputed facts. The trial court was at liberty to disbelieve such testimony or accord it a construction different from that asserted by the appellant. *Siller* v. *Philip,* 107 Conn. 612, 616, 141 Atl. 872. Moreover, if these additions were allowed, the express finding that the loans were made would not be so overborne thereby as to preclude the conclusion of the trial court that the conveyances were made to secure existing indebtedness and therefore did not lack consideration.

Also, the findings made, or which could be added, as to the personal relations of the parties, the time and circumstances of the conveyances, and other considerations relevant to the legitimacy and good faith of the transactions, do not render inadmissible the ultimate conclusion reached that the conveyances were not given or accepted with intent to defraud the plaintiff. The evidence, which we have perused in determining the claimed corrections of the findings, engenders an impression, which observation on the trial may well have confirmed and accentuated, that the personal relations, characteristics, and customs of the parties concerned might go far to divest laxity in financial transactions between them and absence of accounts and lack or informality of written evidences thereof, accumulation or retention in possession of considerable sums in cash, and other similar facts, of the significance which perhaps might attach to them in the case of parties who ordinarily exercise or might reasonably be

expected to pursue more conventional and precise business practices and methods.

There is no error.

In this opinion the other judges concurred.