NICHOLAS VALENTI *v.* IMPERIAL ASSURANCE CO.

Special Term at Rutland, November, 1934.

Present:   POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed January 2, 1935.

*Fenton, Wing & Morse* for the defendant.

*James P. Leamy, Marvelle C. Webber,* and *Christopher A. Webber* for the plaintiff.

POWERS, C. J.   The plaintiff had judgment below for the amount of the loss by fire of certain personal property included in a policy issued by the defendant.   At the close of the evidence, the company filed a motion for a verdict, and excepted when its motion was overruled.   The only questions relied upon in this Court are brought up under this exception, and are based upon the grounds that (1) the plaintiff was not the sole owner of the property when the policy was issued, and (2) that he mortgaged it after the policy was issued.   The policy is in standard form, with a rider attached.   On the back of it is a printed enumeration of conditions under which it shall be void. It is therein provided that the policy shall be void ''if the interest of the insured be other than unconditional and sole ownership.''

The defendant insists that the uncontradicted evidence shows that the property insured belonged to the plaintiff and his wife, jointly.

The meaning and effect of this condition was recently stated by this Court in *Bardwell* v. *Commercial Union Assurance Co.,* 105 Vt. 106, 112, 163 Atl. 633.   It means that no person other than the insured has any title to the property and that the insured alone will sustain the entire loss if the property burns.   In the absence of fraud or deceit on the part of the insurer in regard thereto, the clause must be given force and effect as a valid condition of the policy, unless such a result has been averted by a waiver by the insurer.

So here, if the property insured was in fact owned jointly by Valenti and his wife, the condition above stated is violated, for no fraud or waiver is claimed; and, if the condition is broken, no recovery can be had.   *Wilson* v. *Commercial Fire Assur. Co.,* 90 Vt. 105, 108, 96 Atl. 540; *Schroedel* v. *Humboldt Fire Ins. Co.,* 158 Pa. 459, 27 Atl. 1077; *Western Assurance Co.* v. *White,* 171 Ark. 733, 286 S. W. 804, 48 A. L. R. 349, 351, and note; *Fulbright* v. *Phoenix Ins. Co.,* 329 Mo. 207, 44 S. W. (2nd), 115.

It is true that both the plaintiff and his wife testified that this property belonged to them—that they owned it.   It is true that this statement was not specifically denied.   But this

fact does not necessarily control the effect of the testimony. The statement of a witness not directly contradicted is not always conclusive. *Tracy* v. *Grand Trunk Ry. Co.*, 76 Vt. 313, 325, 57 Atl. 104; *Miller* v. *Miller*, 89 Vt. 547, 549, 95 Atl. 928; *Watts* v. *Mulliken's Estate*, 95 Vt. 335, 342, 115 Atl. 150; *Carr* v. *Carr*, 100 Vt. 65, 71, 135 Atl. 5. Such statements are not to be arbitrarily disregarded, of course, but a court may, on occasion, disbelieve them or some part of them, and may accord to them a construction differing from their literal effect. *Searle* v. *Gerent et al.*, 114 Conn. 671, 159 Atl. 892, 893. The circumstances, together with the character and subject-matter of the testimony, may be considered before effect is given to a witness' statement. Whenever testimony is equivocal, by the latter rule, it is to be admitted and its interpretation is to be left to the jury under proper instructions. *Powers* v. *Leach*, 26 Vt. 270, 278.

So with the question of ownership. It is usually a question of fact; but when it depends upon conflicting evidence, it is a mixed question of law and fact, the facts being for the determination of the jury, and their effect being for the court, *Kent* v. *Tyson*, 20 N. H. 121; *Jenness* v. *Simpson*, 84 Vt. 127, 143, 78 Atl. 886; *Browne* v. *Fine*, 104 Vt. 221, 228, 158 Atl. 669.

At the time this policy was written, the insured and his wife were living together in a two-family house in the city of Rutland, wherein the property was kept and used by them. It is a fair inference from the testimony, that they were both in the enjoyment of the property in the usual way of married people. In these circumstances, she might well have spoken of the furniture as belonging to them. And he might well have spoken of it as owned by them. It is a matter of common knowledge that it is quite customary for any member of a family to speak of property as "ours." A child speaks of "our" house; a wife, of "our" automobile. A husband may speak of "my horse," when in fact the animal belongs to his wife. In such cases, the speaker, likely enough, has no intention to refer to the legal title, to ownership in the legal sense of that term. Rather, they refer to the right or privilege of the use and enjoyment of the property referred to. Here, both the husband and wife testified that they owned the property, but their statements may have referred to the use and enjoyment of it, or they may have referred to a several rather than a joint interest. Unfortunately, the plaintiff was not allowed to show that the plaintiff's

money bought the furniture, evidence that would have cleared the uncertainty in the meaning of the witnesses. All in all, the situation was such that the court might well decline to accept the evidence literally, and could, without error, submit it to the jury to interpret, with proper instructions. *Tracy* v. *Grand Trunk Ry. Co.*, *supra*. We assume that it was so submitted, since no exception specifically claiming the contrary is argued.

Moreover, the condition under discussion is, itself, provisional. "This entire policy," it reads "shall be void unless otherwise provided by agreement in writing added hereto," etc. The rider above referred to specifies the different household furnishings and personal property insured, and then adds: "All belonging to the insured or any member * * * of the insured's household." So far as this conflicts with the sole ownership condition, it controls. This is so by the very terms of the condition, and it would be so under the accepted principles of insurance law. 14 R. C. L. 934; *Mixon* v. *St. Paul, etc. Ins. Co.*, 147 La. 302, 84 So. 790. With the burden of proof on the defendant, and in view of our rule that this policy is to be construed in favor of the plaintiff, we hold that as to this insurance the sole ownership provision does not apply. This view of the effect of the rider is fully sustained by *North River Ins. Co.* v. *Dyche*, 163 Ky. 276, 173 S. W. 784, a case which is directly in point. There, as here, the policy was to be void if the insured's interest was other than sole and unconditional owner, unless otherwise provided by agreement indorsed on the policy. There, as here, the property covered was household furniture. There, as here, the furniture was described as the property of the insured or any member of her family. The court held that the condition as to ownership did not prevent a recovery on the policy and that it was immaterial that some of the articles insured were owned jointly by members of the family.

The defendant says we cannot reach this conclusion because the terms of the rider were not brought to the attention of the court below and the plaintiff must prevail here, if he prevails at all, upon the theory on which he tried his case then. The defendant cites and relies upon *Grapes* v. *Willoughby*, 93 Vt. 458, 460, 108 Atl. 421, and *Chase National Bank* v. *Healy*, 103 Vt. 495, 501, 156 Atl. 396. These cases will not avail the defendant. In both, verdicts were ordered for the plaintiff, and we were therein discussing what the excepting party was bound to do.

The effect of the holdings was that a court was not to be put in error on a point not made below. But an affirmance may be had on a ground first raised in this Court. *Fairbanks* v. *Stowe,* 83 Vt. 155, 160, 74 Atl. 1006, 138 A. S. R. 1074; *Wood* v. *James,* 93 Vt. 36, 42, 106 Atl. 566; *Goupiel* v. *Grand Trunk Ry. Co.,* 94 Vt. 337, 344, 111 Atl. 346; *Temple Bros.* v. *Munnett,* 97 Vt. 395, 397, 123 Atl. 431; *Fernald & Co.* v. *Manley,* 99 Vt. 421, 422, 133 Atl. 247; *Residents of Royalton* v. *Central Vermont Ry. Co.,* 100 Vt. 443, 448, 138 Atl. 782. Indeed, to affirm it is not necessary that the point be raised in this Court, as was held in several of the cases just cited.

Another condition contained in the same paragraph of the policy as the one just discussed provides that the policy shall be void "if any change * * * take place in the interest, title or possession of the subject of insurance * * *." The plaintiff admitted that after the insurance was written, he and his wife gave a chattel mortgage on some of the property, and that this mortgage was outstanding at the time of the fire.

We do not find it necessary to consider the effect on the plaintiff's title to and rights in the property resulting from the mortgage, as we regard a subsequent provision of the policy as controlling. That provision reads as follows: "Unless otherwise provided by agreement in writing added hereto, this Company shall not be liable for loss or damage to any property insured hereunder while incumbered by a chattel mortgage, and during the time of such incumbrance, this Company shall be liable only for loss or damage to any other property insured hereunder." This provision is wholly inconsistent with the idea that the giving of the mortgage rendered the policy void. If it did, the provision was quite unnecessary. .

The only reasonable construction that can be put upon the policy as affected by it is that the company did not intend that the giving of a chattel mortgage on the property insured should be considered as working a change in the interest, title, or possession of the plaintiff so as to avoid the policy. It nullified the condition. Plainly enough, it was intended to and does continue in force the insurance on all the property described in the policy except such as was covered by the mortgage. As to that property, the insurance was suspended until such time as the encumbrance was removed therefrom. This was the theory on which the case was submitted below.

So without reference to the many cases to be found in the books holding that the giving of a chattel mortgage on the property does not avoid a policy containing this condition, and without regard to *Carringan* v. *Lycoming Fire Ins. Co.*, 53 Vt. 418, 38 A. R. 687, or *Hartford, etc., Ins. Co.* v. *Lasher Stocking Co.*, 66 Vt. 439, 29 Atl. 629, 44 A. S. R. 859, we hold that the insurance contract makes the policy divisible, and that recovery can be had for the loss of the unencumbered property.

*Judgment affirmed.*