J. M. LaPierre *v.* James Halpin.

February Term, 1940.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed May 7, 1940.

*Goddard & Kennedy* for the plaintiff.

*Lawrence & O'Brien* for the defendant.

BUTTLES, J. In this action in contract the plaintiff seeks to recover for professional services rendered and for medicines furnished to the defendant's wife, since deceased. Trial by jury in Rutland Municipal Court resulted in a verdict for the defendant. Plaintiff moved before judgment to set aside the verdict and comes here on exceptions to the overruling of his motion. The grounds of the motion upon which he now relies are that the verdict is not supported by the evidence, and that the jury was not governed by the evidence.

As we have often said the claim that there is no evidence to support the verdict presents a question of law which is subject to review. *French* v. *Wheldon,* 91 Vt. 64, 69, 99 Atl. 232; *Belock* v. *State Mutual Fire Insurance Co.,* 106 Vt. 435, 439, 175

Atl. 19, and cases cited. This ground of the motion raises the question whether, taking the evidence in the most favorable light for the prevailing party, and excluding the effect of modifying evidence, there is evidence fairly and reasonably tending to support or justify the verdict. *Barber, Admr.* v. *Stratton,* 111 Vt. 43, 10 Atl. 2d. 211.

The only witnesses who testified at the trial were the plaintiff, the defendant and the latter's son, Philip. That the plaintiff is a duly licensed physician was not questioned. The defendant testified to the effect that he had known the plaintiff as a physician for twenty years or more and that about July 1, 1938, the defendant's wife became a patient of the plaintiff. The defendant and his son both testified that the defendant paid the plaintiff three dollars for his first visit to her at her home in Pittsford and that thereafter the plaintiff made two more house calls upon her and from July 11th to August 9th she went to the plaintiff's office in Rutland from time to time for treatment, being taken to Rutland for that purpose sometimes by the defendant and sometimes by the son. There was no plea of payment and no evidence of any payment on account of the plaintiff's services subsequent to the first visit. Neither was there any evidence that the services were rendered gratuitously. On the contrary the defendant testified that on the occasion of the wife's last treatment he had inquired as to the amount of the plaintiff's bill and upon being informed that it was $26.00 had promised to pay it as soon as he could. At a later time, before suit had been commenced or demand made, he had repeated the promise although criticising the plaintiff's actions with respect to the case. Evidence was introduced tending to show that some of the medicines could be bought for less than the amount charged for them by the plaintiff, but none to show that his services were of no value.

■■ The plaintiff's testimony was confusing and somewhat contradictory. The record which he produced failed to establish some of the treatments for which he claimed. The amount claimed to be due upon the trial was $109.50, although previous to the trial the plaintiff's attorneys had demanded $90 and prior to that plaintiff had said that his bill was $26.00, which he testified was a conditional offer. It is true, of course, that the credibility of a witness and the weight to be given his testi-

mony are for the determination of the trier, and a court or jury is not bound in all circumstances to believe testimony not directly contradicted. *Miller* v. *Miller,* 89 Vt. 547, 549, 95 Atl. 928; *Watts* v. *Mulliken's Estate,* 95 Vt. 335, 342, 115 Atl. 150; *Carr* v. *Carr,* 100 Vt. 65, 71, 135 Atl. 5; *Valenti v. Imperial Assurance Co.,* 107 Vt. 65, 69, 176 Atl. 413. But the statements of a witness are not to be arbitrarily disregarded, *Valenti* v. *Imperial Assurance Co., supra,* and in this case the testimony of the plaintiff not only was uncontradicted but it was corroborated by both of the other witnesses who testified, to the extent necessary to establish the rendering of services under circumstances making the defendant liable for the reasonable value thereof.

The plaintiff testified that his charges for the services rendered were fair and reasonable. There was no other testimony as to whether these charges were or were not fair and reasonable. But the defendant's admissions above referred to that he had paid the plaintiff $3.00 for the first house call and that on two occasions before suit had been commenced or demand made he had voluntarily promised to pay the plaintiff the amount which the latter then said was due tended to prove that those services had some value.

██ With the evidence standing as it did the verdict for the defendant was not warranted and the denial of the plaintiff's motion was error.

*Judgment reversed and cause remanded.*