JEROME D. KENNEDY *v.* BISHOP WILLIAMS.

May Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 3, 1944.

*Jerome D. Kennedy pro se.*

*Paul A. Bourdon* for the defendant.

STURTEVANT, J. This is an action of contract brought to recover for services alleged to have been performed for the defendant by McRae Haskins, the plaintiff's assignor. The de-

fendant had a verdict and judgment below and the case is here upon the plaintiff's exceptions.

The only exception briefed by the plaintiff is one saved to the refusal of the court to grant his motion to set aside the verdict upon the grounds that it is without evidentiary support and that the jury either misapprehended the facts or disregarded them. As the plaintiff states, his motion presented a question of law. *LaPierre* v. *Halpin,* 111 Vt 193, 194, 13 A2d 281. Viewed in the light most favorable to the defendant the jury could reasonably find the following facts:

At all times here material, Haskins held himself out to be a practitioner according to the tenets of the Christian Science Church, at Rutland in this State. In April, 1941, the defendant was suffering from a skin disease and consulted a skin specialist in Boston. He saw that doctor several times, was treated by him and by the middle of June of that year his trouble had ceased. On the 17th of that April, he went to see Haskins for the purpose of having Haskins give him Christian Science treatments for his disease. Haskins told the defendant that due to existing circumstances, he did not know whether he could treat the defendant and told him he had better see Dr. Rogers, a practicing physician at Pittsford, Vt. The defendant saw Dr. Rogers who advised him to continue with the Boston specialist. The defendant saw Haskins two or three times after that April 17. The nature of the treatments with which we are here concerned is such that the defendant could have no way of knowing whether they were in fact given him, except what Haskins stated about that matter. The treatments can be given to a patient when absent as well as when present. Sometime after April 17, 1941, the defendant wrote to Haskins asking whether he was in fact giving treatments to the defendant. Haskins did not reply to that letter. In the first part of September, 1941, the defendant wrote a letter to Haskins which was received in evidence and which will later be mentioned. Upon receipt of that letter, Haskins sent the defendant a bill for $126.00 for treatments alleged to have been given him during the period from April 17, to September 4, in that year. The defendant has paid no part of that bill. Haskins sent no request for payment before receiving the defendant's letter written in September. In July, 1942, Haskins assigned this claim to the plaintiff in payment of money loaned to him. It is a violation of the rules of the Church

for a Christian Science practitioner to bring a suit at law to recover for treatments given to a patient.

The plaintiff contends that Haskins having testified that he gave the treatments in accordance with the tenets of the Christian Science Church at the defendant's request and that his charge for same was reasonable, and that testimony being uncontradicted, the jury were bound to render a verdict for the plaintiff and relies upon *LaPierre* v. *Halpin,* 111 Vt 193, 13 A2d 281, in support of that claim. In that case, the plaintiff, a practicing physician, testified as to the services rendered for which recovery was sought. Not only was this testimony undisputed but it was corroborated by the defendant and his son, the only other witnesses in the case. In that case, the evidence left no question that the services were rendered. That fact was established by the evidence of the defendant as well as that of the plaintiff. That is not the situation here. Haskins is the only one who knows whether he did in fact give the treatments in question. Neither the defendant nor anyone else can have any knowledge of this matter except what Haskins states about it. While he testified that he gave the treatments in accordance with the tenets of his Church, yet, when asked to explain just what he did in giving such treatment, his answers were evasive, several not responsive and several were contradictory. Repeated efforts by the defendant's counsel failed to get any clear cut or definite statement as to just what he did in the giving of such treatment except that such treatment was some form of prayer. Neither could it be learned from him how long such treatments took or just when he claimed he gave them. Such uncorroborated testimony is not of a character to compel a verdict for the plaintiff, *Watts* v. *Mulliken's Estate,* 95 Vt 335, 342, 115 A 150; *Valenti* v. *Imperial Assurance Co.,* 107 Vt 65, 68, 69, 176 A 413.

The letter introduced in evidence and which was written by the defendant to Haskins in September, 1941, is not referred to in the bill of exceptions in any way. However, we pass over the fact that the letter is not before us and assume that it states as plaintiff claims: "If you will let me know how much I owe you for working, will forward same." In order that such statement may have any binding force on the defendant, it must first appear that Haskins did in fact render the services as he claims. The plaintiff is seeking here to recover for the treatments claimed to have been

given to the defendant, nothing else. It was for the jury to determine whether any or all of the services were in fact rendered. Unless the jury arrived at an affirmative finding on that question, a verdict could not be returned for the plaintiff. That the plaintiff had the burden of proof is elementary. If he failed to establish any necessary element of his case by a fair balance of proof, the defendant was entitled to a verdict. From the foregoing it follows that it cannot be said as a matter of law that the verdict is without supporting evidence. *Judgment affirmed.*